## SOUTHERN COTTON OIL CO. v. SHELTON.

(Circuit Court of Appeals, Fourth Circuit. May 4, 1915.)

No. 1351.

DISMISSAL AND NONSUIT ☞15—TIME FOR DISMISSAL—DISMISSAL AFTER REVERSAL.

> The reversal of a judgment for plaintiff in an action to recover land, on the ground that plaintiff had brought two prior actions and under a state statute was not entitled to bring a third action, decided nothing as to plaintiff's right to move to dismiss, and it was within the court's discretion to grant a motion by plaintiff to dismiss, even conceding that plaintiff could not dismiss as a matter of right; it not appearing that plaintiff would obtain any unfair advantage, or that defendant would be prejudiced.

> [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 31; Dec. Dig. ☞15.]

In Error to the District Court of the United States for the Eastern District of South Carolina, at Columbia; Henry A. Middleton Smith, Judge.

Action by William J. Shelton against the Southern Cotton Oil Company. From an order dismissing the action on plaintiff's motion, defendant brings error. Affirmed.

See, also, 220 Fed. 247, 136 C. C. A. 509.

D. W. Robinson, of Columbia, S. C. (Thomas & Lumpkin, of Columbia, S. C., on the brief), for plaintiff in error.

Wm. H. Lyles, of Columbia, S. C., for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and CONNOR, District Judge.

WOODS, Circuit Judge. In this action by William J. Shelton against the Southern Cotton Oil Company there was a verdict and judgment for the plaintiff in the District Court. This court held that the plaintiff had already had two actions for the recovery of the land involved, that he was denied by the statute of South Carolina the right to prosecute a third, and that, therefore, in this action for the recovery of the same land the District Judge should have directed a verdict for the defendant. In reversing the judgment the court said:

"We are of opinion to reverse at the cost of the defendant in error and to remand for such further action as may be proper."

Thereafter, upon the call of the case in the District Court, counsel for plaintiff moved for leave to dismiss the action. Counsel for defendant opposed this motion, and himself moved that the court should proceed to a new trial, taking the position that if, on the new trial, the evidence should be the same as on the former trial, it would be the duty of the presiding judge to direct a verdict in favor of the defendant under the instructions of this court. The District Judge, holding that "it is a case in which the motion of the plaintiff should properly be granted, if he desires to dismiss without proceeding to a new trial," granted the plaintiff's motion to dismiss.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

By the reversal of the former judgment of the District Court nothing was decided as to the right of the plaintiff to move to dismiss the action. It was held in Slocum v. N. Y. L. Ins. Co., 228 U. S. 364, 399, 33 Sup. Ct. 523, 537, 57 L. Ed. 879, Ann. Cas. 1914D, 1029:

"The reversal operated to set aside the verdict and to put the issues at large, as they were before it was given."

The case thus standing on the docket for a new trial or other proper disposition, even conceding that the plaintiff could not, under the rules of the District Court, have the action dismissed as a matter of right, it was within the discretion of the District Judge to grant or refuse the motion to dismiss. There was nothing to show that the plaintiff would obtain any unfair advantage, or that the defendant would be prejudiced or deprived of any defense, by the dismissal. Indeed, it appears to be conceded by the argument of counsel for defendant in error that any future action to recover the land would be barred by the statute of limitations.

Affirmed.