**THOMASON v. LEE.   (No. 404.)**

Court of Civil Appeals of Texas. Eastland.
Feb. 17, 1928.

Rehearing Denied March 23, 1928.

1. **Vendor and purchaser ⊙⇒317—Finding that vendor agreed to execute and deliver deed held not finding of delivery conflicting with finding of conditional delivery of notes to be effective only on delivery of deed.**

In action on vendor's lien notes defended on ground that deed to land sold was not delivered according to agreement, jury's finding in reply to special issues that plaintiff agreed to execute and deliver deed to defendant was not equivalent to finding that deed had been delivered making such finding, in effect, conflict with another finding that notes in question were delivered on condition that they should not become effective unless and until deed was executed and delivered.

2. **Deeds ⊙⇒54—While manual delivery of deed is not always essential, delivery of some character is essential.**

While manual delivery of deed is not essential in every case to constitute legal delivery thereof, delivery of some character is essential.

3. **Vendor and purchaser ⊙⇒317—Jury's finding of no delivery of deed on specified day at specified place held sufficient, in view of evidence.**

In action on vendor's lien notes in which defense was failure to deliver deed to land, finding in answer to special issue that there was no delivery of deed on specified date and specified place, while subject to criticism, was sufficient determination of fact of nondelivery to support judgment for defendant, in view of fact that only evidence of delivery related to date and place mentioned in finding.

4. **Evidence ⊙⇒420(7)—In action on notes reciting security by vendor's lien retained in deed delivered, parol testimony that deed was not delivered held admissible (Rev. St. 1925, art. 5932, § 16).**

Under Rev. St. 1925, art. 5932, § 16, permitting conditional delivery of negotiable instrument and making contract on negotiable instrument incomplete and revokable until delivery of instrument for purpose of giving effect thereto, in action on notes reciting on face that they

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

were secured by vendor's lien retained in deed, of even date, executed and delivered to defendant, parol testimony that deed was not in effect delivered was admissible and did not contradict or vary terms of notes, which never became effective because they were delivered on condition that they should be effective on delivery of deed, which never took place.

5. Bills and notes ⬾64—Vendor's lien notes, delivered to be effective on delivery of deed which was not delivered, never became effective (Rev. St. 1925, art. 5932, § 16).

Under Rev. St. 1925, art. 5932, § 16, permitting conditional delivery of negotiable instrument and making contract on negotiable instrument incomplete and revokable until delivery of instrument for purpose of making effect thereto, vendor's lien notes delivered to be effective on delivery of deed which was not made never became effective, there being no real delivery of notes.

Appeal from District Court, Haskell County; Bruce W. Bryant, Judge.

Action by Y. L. Thomason against I. A. Lee. From a judgment for defendant, plaintiff appeals. Affirmed.

G. W. Thomason, of Haskell, for appellant.
Murchison & Davis, of Haskell, for appellee.

HICKMAN, C. J. Appellant, as plaintiff below, sued appellee on five vendor's lien notes, the first for $500, and the others for $250 each. Appellee pleaded various defenses, the only ones which we shall have occasion to discuss being, first, that the notes were delivered conditionally and had never taken effect because the condition upon which they were delivered had not been fulfilled, and, second, that there was no consideration for the notes. The answer alleges, in substance: That contemporaneously with the signing of the notes it was agreed between appellant and appellee that they should not become effective unless and until appellant executed and delivered to appellee a deed to a certain tract of land, and furnished to appellee an abstract showing merchantable title in appellant to the land to be conveyed by the deed. That appellant had never complied with the agreement by executing and delivering the deed, or by delivering to appellee an abstract in accordance with the agreement. That the only consideration for the notes was appellant's agreement to convey the land, which agreement had never been fulfilled. Wherefore it is alleged the notes were without consideration.

The case was tried before a jury upon special issues, by its answers to which the jury resolved the issue regarding the furnishing of an abstract in favor of appellant. That element of the contract is therefore taken from the case, and the judgment of the trial court must stand, if at all, upon the answers

of the jury with reference to the execution and delivery of a deed to appellee.

The answers of the jury to the material issues determinative of the case establish the following facts: (1) That the appellant agreed with appellee to execute and deliver to him a deed of conveyance to certain land in Haskell county upon the consideration that appellee execute and deliver to appellant the five notes sued upon; (2) that appellant did not deliver or cause to be delivered to appellee such deed of conveyance on the 1st day of November, 1921, in Clyde Elkins' office; (3) that the notes sued upon were delivered by appellee to appellant or to appellant's brother, with the agreement on the part of appellant that said notes should not become effective unless and until appellant executed and delivered to appellee a deed of conveyance to said land. Upon these findings judgment was rendered for appellee.

[1, 2] It is urged that these findings are conflicting and ambiguous, and will not support the judgment in this: The finding of the jury that appellant agreed to execute and deliver to appellee a deed was, in law, a finding that the deed had been delivered, and the finding by the jury of the conditional delivery of the notes was in conflict therewith. We cannot sustain this contention. While no manual delivery of a deed is essential in every case to constitute a legal delivery thereof, yet a delivery of some character is essential, and the mere finding by the jury of an agreement to deliver the deed cannot be construed as a finding of delivery thereof.

[3] It is urged that the finding of the jury that there was no delivery of the deed "on the 1st day of November, 1921, in Clyde Elkins' office," is too restrictive, and is not at all a finding against delivery. We agree that this was not the best way to submit the issue of delivery, but as the only evidence in the record that could be construed at all as evidence of delivery related to a transaction on the 1st day of November, 1921, in Clyde Elkins' office, we think the determination of that issue by the jury against appellant is a sufficient determination of the fact of nondelivery to support the judgment.

[4, 5] The notes recited in their face that they were secured by a vendor's lien retained in deed of even date executed and delivered to appellee by appellant. It is insisted that the parol testimony offered by appellee to prove that the deed was not, in fact, delivered to him, contradicted and varied the terms of the notes, and was therefore inadmissible. We cannot sustain this contention. By the provisions of the Negotiable Instruments Act (article 5932, § 16, R. S. 1925), there may be a conditional delivery of a negotiable instrument, and a contract on a negotiable instrument is incomplete and re-

⬾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

vokable until the delivery of the instrument for the purpose of giving effect thereto. These notes never became effective because they were never delivered, and the rule of evidence invoked by appellant has no application.

The issues discussed are controlling, and render unnecessary a discussion of the other assignments contained in appellant's brief. We find no reversible error in the record, and the judgment of the trial court will therefore be affirmed.