## McADAMS v. PANHANDLE MUT. HAIL ASS'N.

### No. 3685.

Court of Civil Appeals of Texas. Amarillo. Nov. 25, 1931.

Rehearing Denied Jan. 6, 1932.

W. T. Brothers, of Amarillo, for appellant.

Cooper & Lumpkin, of Amarillo, for appellee.

### HALL, C. J.

The appellee, plaintiff below, sued appellant to recover upon a note executed April 26, 1930, in the sum of $1,070, which provides for 10 per cent. interest and 10 per cent. attorneys' fees. McAdams admitted the execution of the note and alleges that at the same time he signed an application to the appellee for hail insurance upon his wheat crop. That the note and application were delivered to the appellee with the distinct understanding and agreement between the parties that appellant would not need insurance, and that the policy was not to be issued unless it appeared, on or about the 20th day of May, 1930, that his wheat crop would probably yield at least ten bushels per acre. That the parties were to inspect and examine the crop on or about the 20th day of May for the purpose of estimating the probable yield. He further alleges that no examination or inspection of the crop was ever made by the appellant and appellee, and that no policy was ever received by him.

McAdams testified that just prior to the execution of the note and application he was talking with the agent of appellee in the hotel in Amarillo. That the agent had solicited him, wanting to write an application for hail insurance upon his wheat crop. He further stated as to what he said with reference to when the policy would be delivered: "Well, we were talking and I told him it was too early for any insurance and he says, 'You don't come over here very often.' He says, 'You can cancel this any time before the 1st of June.' Anyway, I remember that he stated, 'We will go out and inspect the wheat' and I says, 'I don't know that this will make ten bushels to the acre' and Mr. Patterson stated, 'We will go out and inspect the wheat and if you decide at that time, you and us together, that it won't make ten bushels to the acre, we will give your note back and cancel this application, and if we decide that it makes over ten bushels or more, why, then we will give you the policy, we will deliver it to you at that place.' You are asking me to state whether or not the delivery of the policy was to be made in person or otherwise, well, it was to be made in person. A representative of theirs would bring it out there and deliver it when they inspected this wheat. I never received the policy."

The case was tried to a jury, and the court directed a verdict in favor of the appellee for the full amount of the note, interest, and attorneys' fees.

We do not know upon what theory the peremptory instruction was given. It is stated in appellee's brief that there being no testimony offered by the appellant showing an agreement that the insurance should not be effective until May 20th, as pleaded, the court peremptorily instructed the jury to find a verdict for the appellee. Whether this is the theory upon which the court proceeded we, of course, are not able to say, but the facts alleged and supported by the testimony of the appellant are sufficient to show a conditional delivery of the note together with the application and a mutual agreement that the policy should not be issued or take effect until about the 20th of May, at which time it could be determined whether the crop would yield as much as ten bushels per acre, and that the crop did not yield ten bushels per acre. These allegations, if true, constitute a complete defense to the action, 6 Tex. Jur. pages 645, 648, and parol testimony is admissible to prove the condition upon which the delivery was made. American Slicing Machine Co. v. Vincent (Tex. Civ. App.) 279 S. W. 317; 6 Tex. Jur. 952, 958. Since, according to the agreement alleged and proven by the appellant, the note was not to take effect until the parties had inspected the wheat about the 20th of May and decided that it would yield as much as ten bushels per acre, there was no consideration whatever for the note, and the condition precedent had not been complied with. Therefore, the court should have submitted the issues to the jury.

The cases cited by appellee to support the court's ruling have no application. Appellant is not seeking to recover upon a policy of insurance or upon a contract to insure either oral or written, expressed or implied. He is

defending in an action upon a note which he declares was conditionally delivered and where the condition precedent has not been performed and asserts, for that reason, there is no contract of insurance and no liability resting upon either party.

For the reasons stated, the judgment is reversed, and the cause remanded.