### GUARANTY BANK & TRUST CO. v. HAMACHER.

#### No. 10519.

Court of Civil Appeals of Texas. Galveston.

Dec. 2, 1937.

Rehearing Denied Jan. 6, 1938.

Edward S. Boyles, Pat N. Fahey, and Willard L. Russell, all of Houston, for appellant.

Kemper, Hicks & Cramer, of Houston (John G. Cramer, of Houston, of counsel), for appellee.

CODY, Justice.

This is a suit on a promissory note, brought by appellant, the payee, against appellee, the maker. Appellee defended on the ground that he only conditionally delivered the note to appellant, to be used to take up a note of the Physicians' Health & Accident Company, of Alexandria, La., for the same amount, held by appellant at the time. Appellee's version of the transaction, which was strenuously contested by appellant, was accepted by the jury; its details sufficiently appear from the special issues submitted to the jury, together with their answers, as follows:

"Special Issue No. 1. Do you find from a preponderance of the evidence that the note sued upon was delivered to the plaintiff upon the condition that it would not be a binding obligation upon the defendant unless the Physicians' Health & Accident Co. of Alexandria, La., permitted the defendant to manage said company through an agent of his choosing?" Answered: "We do."

"Special Issue No. 2. Do you find from a preponderance of the evidence that the defendant was not permitted by the Physicians' Health & Accident Co. of Alexandria, La., to manage said company through an agent of his choosing?" Answered: "We do."

"Special Issue No. 3. Do you find from a preponderance of the evidence that the note sued upon was delivered upon condition that it would not be binding obligation upon the defendant unless the directors of the Physicians' Health & Accident Co. would resign at such time as might be requested by defendant?" Answered: "We do."

"Special Issue No. 4. Do you find from a preponderance of the evidence that the defendant requested said Board of Directors to resign?" Answered: "We do."

"Special Issue No. 5. Do you find from a preponderance of the evidence that such Board of Directors refused to resign?" Answered: "We do."

"Special Issue No. 6. Do you find from a preponderance of the evidence that the contract between Physicians' Health & Accident Insurance Company and the defendant, L. F. Hamacher, was cancelled prior to June 27th, 1934, by the mutual agreement of said Company and the defendant, L. F. Hamacher?" Answered: "We do."

Appellant contends on appeal that, not only were the answers of the jury to the first five special issues against the great preponderance of the evidence, but their answer to special issue No. 6 constitutes a bar to appellee's defense, and requires the judgment of the trial court to be here reversed and rendered. These contentions of appellant cannot be sustained. Whether the note was delivered conditionally was a question of mutual intent of the parties, and, since the evidence as to the intention of the parties was in conflict, it was for the jury to determine whether the delivery had been conditional. James v. Tubbs, Tex.Civ.App., 53 S.W.2d 106. Of course, it is well settled (and we do not understand appellant contends otherwise) that a written contract does not become binding until delivered, and, "if the delivery is conditional, the written contract does not become a binding obligation until the condition upon which delivery depends has been fulfilled." America Slicing Machine Co. v. Vincent, Tex.Civ.App., 279 S.W. 317. See, also, Morris v. Logan, Tex.Civ.App., 273 S.W. 1019, writ of error denied, and Foster v. Security B. & T. Co., Tex.Com.App., 288 S.W. 438. The evidence in the instant case on the opposing versions of appellant and appellee was in direct conflict, and would have supported a jury finding either way.

The finding of the jury on special issue No. 6 is conclusive of nothing, is immaterial, was improperly submitted, and was properly disregarded by the trial court in rendering judgment on the jury's answers to the first five special issues.

Judgment affirmed.

PLEASANTS, C. J., absent.