## BYNUM et al. v. PEOPLES STATE BANK OF TURKEY.

### No. 6163.

Court of Civil Appeals of Texas.
Amarillo.

Sept. 24, 1951.

Howard Traweek and C. W. Norrid, Matador, for appellants.

Hamilton & Deaver, Memphis, for appellee.

MARTIN, Justice.

Appellee, Peoples State Bank of Turkey, Texas, in making a loan of $8,125 to Glea Moseley to buy farming equipment and to finance farming operations, required as a condition to making the loan that appellants, T. A. Bynum and A. D. Moseley, execute the promissory note with Glea Moseley to secure the debt. Glea Moseley also executed a chattel mortgage to secure the note. This mortgage provided among other stipulations, "the payment of all other indebtedness by the maker hereof subsequently accruing, or not definitely and particularly named herein, shall be postponed and subordinated to the payment of the note above named."

Appellants alleged that they executed the note only as sureties for Glea Moseley and that delivery of the note to the appellee

bank and their liability thereon was predicated upon the condition precedent that Glea Moseley secure a three year lease upon 400 acres of land known as the A. B. Crump farm. Appellants further alleged that under the provisions of the mortgage, certain credits were required to be applied on the note.

Glea Moseley did not obtain a three year lease on the Crump farm but only obtained a one year lease on the land. Upon completion of the testimony in the cause, the trial court withdrew the case from the jury and rendered judgment against Glea Moseley and the appellants for the amount of $9,248.56. Appellants perfected an appeal from this judgment.

Appellants' brief contains six points, but the first point therein is the only one material to this appeal. The first point asserts that the court erred in withdrawing the case from the jury and in rendering judgment against the appellants. This point is based upon the proposition that the evidence raised the issue of a conditional delivery of the note and that the issue should have been submitted to the jury in the cause.

■ Proof of conditional delivery of the note would constitute a valid defense in law. Art. 5932, Sec. 16, Vernon's Annotated Civil Statutes; Williams v. Jones, 122 Tex. 61, 52 S.W.2d 256; Foster v. Security Bank & Trust Co., Tex.Com.App., 288 S. W. 438, 440, "That there can be no complete instrument until there has been a delivery with intention to make the instrument effective as such, is well settled in this state."

■■ The duty upon the appellate court in considering the evidence in a cause where the trial court has withdrawn the case from a jury has been outlined in many decisions. White v. White, 141 Tex. 328, 172 S.W.2d 295, 296. "We must view the evidence in the light most favorable to the petitioners, the losing parties. Thomas v. Postal Telegraph Cable Co., Tex.Com.App., 65 S.W.2d 282. We must indulge against the instruction every inference that may properly be drawn from the evidence. Texas Employers' Ins. Ass'n v. Boecker, Tex.Civ.

App., 53 S.W.2d 327, error refused. And, if the record reflects any testimony of probative force in favor of the losing parties, we must hold the instruction improper. Clutter v. Wisconsin Texas Oil Co., Tex. Civ.App., 233 S.W. 322, error refused. A peremptory instruction is warranted only when the evidence is such that no other verdict can be rendered and the winning party is entitled, as a matter of law, to a judgment. Stevens v. Karr, 119 Tex. 479, 33 S.W.2d 725."

Applying the above principles, an examination of the statement of facts details the following testimony of T. A. Bynum as to a discussion of the loan in the appellee bank:

"Q. Did you and A. D. say anything about it, about the three year contract? A. Yeah, I did.

"Q. What did you say? A. I told him I wasn't in favor of going on this note without a three year contract. (Speaking to J. E. Barnhill, President).

"Q. What did Mr. Barnhill say? A. He said there would be a three year contract or there wouldn't be no go.

"Q. Go on from there now? A. He said $7500 note was a big note and one man couldn't pay it in two years, that it would take three hard years and he said $7500 would do the job, buy the equipment and make the crop. And I told him then I wouldn't sign it without a three year contract.

"Q. What did Mr. Barnhill say then? A. Well, he said there would be a three year contract or there wouldn't be no go." A. D. Moseley's testimony develops like facts.

Pertinent to the question of a three year lease contract being required by appellants as a condition to delivery of the note, the statement of facts shows the testimony of J. E. Barnhill, President of the bank, as follows:

"Q. You deny a three year contract was ever mentioned? A. Do you think these men or me either would be chump enough to set down and demand a thing like that. Do you think signing a note demanding something * * *."

Barnhill further testified that Glea Moseley did not obtain a three year lease on the Crump farm but only a one year lease.

Mrs. Lyles, former cashier of the bank, testified that she was in and out of the office at the time in question and heard J. E. Barnhill, President of the bank, and Bynum and Moseley discussing a three year lease. "Mr. Glea Moseley was wanting a three year lease on the 400 acres of farm land from Mrs. Crump."

■ It has been contended that there is no argument about the facts but the record reveals that appellants and appellee do not even agree as to what was said by the respective parties on the occasion of Bynum and Moseley signing the note. But the ultimate issue is not what the parties said but as to whether there was a conditional delivery which is determined by what may have been the intent and purpose of the parties at the time. "Delivery is legally regarded as a question of mutual intent and purpose of parties, and ordinarily one for the jury." James v. Tubbs, Tex.Civ.App., 53 S.W.2d 106, 108; Guaranty Bank & Trust Co. v. Hamacher, Tex.Civ.App., 112 S.W.2d 343; McAdams v. Panhandle Mut. Hail Ass'n, Tex.Civ.App., 44 S.W.2d 1005; Roddy v. Citizens State Bank of Copeville, Tex.Civ.App., 11 S.W.2d 652; Thomason v. Lee, Tex.Civ.App., 4 S.W.2d 157; Henry v. Phillips, 105 Tex. 459, 151 S.W. 533, 536. "What constitutes a delivery of a deed is a question of law, but whether there was in fact a delivery of the deed under consideration is a question of fact, to be determined by the jury."

■ The evidence as submitted by appellants in the cause raised an issue of conditional delivery of the note as sued upon and since this issue was not submitted to the jury for determination the cause must be reversed. The issue as to credits asserted to be due on the note is contingent upon the finding of the jury on the issue of conditional delivery and may, or may not, be material on a retrial of the cause and is not discussed here.

■ Though the question is not before the court in this appeal, Shell Petroleum Co. v. Caudle, 5 Cir., 63 F.2d 296, Texas Osage Co-op Royalty Pool v. Kemper, Tex.Civ. App., 170 S.W.2d 849, an examination of the authorities suggests that defendants' pleading should be verified as required by Rule 93, Vernon's Texas Rules of Civil Procedure, prior to a retrial of the cause.

The judgment of the trial court is reversed and the cause remanded.