### HUNLEY v. GARBER et al.
#### No. 6257.

Court of Civil Appeals of Texas. Amarillo.
Dec. 1, 1952.

Rehearing Denied Jan. 5, 1953.

Burford, Ryburn, Hincks & Ford, Dallas, for appellant.

Austin S. Dodd, Dallas, for appellees.

LUMPKIN, Justice.

This is an appeal from a summary judgment entered under Rule 166–A, Texas Rules of Civil Procedure. Appellees, R. E. Garber and C. C. Ritchey (a partnership d/b/a the Garber-Ritchey Agency), as plaintiffs sued appellant, Troy L. Hunley, as defendant, to recover $252.93, as principal, plus 5% interest per annum from its maturity, plus 10% attorneys' fees and court costs on a promissory note executed by the defendant to the plaintiffs on February 7, 1951, and due 90 days after its date. The parties will be referred to as in the trial court.

The note was given by the defendant for the first premium on a policy of life insurance solicited by the plaintiffs as agents for the Life Insurance Company of America. As a defense, the defendant alleged that the note was procured by fraud, that its delivery was conditioned on the defendant's acceptance of the policy within 90 days, that he did not accept it, but that on the contrary he notified the plaintiffs within 90 days that he did not wish to accept the policy. Both parties moved for summary judgment. The County Court of Dallas County overruled the defendant's motion, granted the plaintiffs' motion and rendered judgment in their favor for $281.96. From this judgment the defendant perfected his appeal to the Court of Civil Appeals at Dallas where it was transferred to this court by order of the Supreme Court of Texas.

Rule 166–A provides that a summary judgment shall be rendered if the pleadings, depositions and admissions show, together with the affidavits, that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In this proceeding the burden of proof is upon the movant; all doubts as to the existence of a genuine issue as to a material fact must be resolved against him. Small v. Lang, Tex. Civ.App., 239 S.W.2d 441, writ ref. n.r.e.; De La Garza v. Ryals, Tex.Civ.App., 239 S.W.2d 854, writ ref. n.r.e. However, a genuine issue of fact is raised, so as to preclude a summary judgment, when the facts alleged, if proved, constitute a legal defense, King v. Rubinsky, Tex.Civ.App., 241 S.W.2d 220, and proof of a conditional delivery of a promissory note is, in law, a valid defense. Bynum v. Peoples State Bank of Turkey, Tex.Civ.App., 243 S.W.2d 190. We must, therefore, examine the tes-

timony and determine whether it raises a legal defense. The defendant and both of the plaintiffs filed affidavits in support of their respective motions for summary judgment. These affidavits, when read in the light most favorable to the losing party, show that on February 7, 1951, one of the plaintiffs, C. C. Ritchey, and a sub-agent of plaintiffs' partnership, Leon Pullen, called on the defendant at his place of business in Lubbock, Texas and sold him a $2500 life insurance policy. In payment of the first year's premium, the defendant gave the plaintiffs a check for $252.93. Then the insurance agent and the defendant discussed the purchase of a second $2500 life insurance policy. According to the defendant's affidavit, he stated that he did not want another policy. His affidavit continues:

"They then told me if I should wait any longer to buy the second policy, my age would change and a higher premium rate would apply; so they said I should make an application for a second policy which they would send in to the Company without any obligation on my part. They further stated that I could have 90 days within which to make up my mind whether I wanted this policy at the same premium rate if I would immediately apply for a policy of term insurance in the same amount which would cover me for such period of 90 days, and that I would have the privilege within such period of converting such term insurance into a permanent policy of the same type and with the same premium rate as the first policy above mentioned. I then stated that I would apply only for the term insurance at that time, but they told me they had only a certain number of policies of that type left, and stated that I should go ahead and fill out an application for a second policy and 'place it on term insurance', until such time as I should decide to accept it. They stated that I would not be obligated to accept such policy, but that Pullen would later contact me within the 90 day period and would find out from me whether I had decided to accept it. My impres-

sion from the conversation was that if I did not accept and pay for the second policy within the 90 day period, same would lapse and would be of no effect."

Relying on this statement, the defendant signed the application without reading it and, at the same time, signed a slip of paper which, he discovered later, was a promissory note in the sum of $252.93 payable to the plaintiffs in 90 days. He also gave the plaintiffs a check for $5.93, the premium on the 90-day term insurance. In due time the defendant received from the Life Insurance Company of America two insurance policies for $2500 each. Within the 90-day period he decided not to accept the second policy of insurance and seeing Pullen, he informed him of his decision. He has been willing to return the policy to either the company or the plaintiffs.

In his motion for summary judgment the defendant had insisted that neither the second life insurance policy nor the note would become effective until Pullen contacted the defendant and secured an acceptance of the policy; that by agreement the formal acceptance was made a condition precedent to the effectiveness of both the policy and the note; and that since this condition was never fulfilled, neither the policy nor the note became effective.

As far as the note is concerned, Sec. 16 of the Negotiable Instrument Act, Art. 5932, Vernon's Annotated Civil Statutes, provides that "Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto." The statute provides that as between immediate parties delivery may be shown to have been conditional and not for the purpose of transferring the property in the instrument.

A situation much like the one before us was passed on by this court in the case of McAdams v. Panhandle Mut. Hail Ass'n, Tex.Civ.App., 44 S.W.2d 1005. In that case, a suit on a note given for a premium on a policy of hail insurance, the maker of the note testified that when the note and application for the policy were delivered to the insurance agent, it was understood that he would not need the hail insurance un-

less it appeared, by a certain date upon inspection by the parties, that his wheat crop would yield at least 10 bushels per acre. The inspection was never made. This court held that the trial court erred in directing a verdict for the plaintiff and in rendering judgment for the amount of the note. The court said: " * * * the facts alleged and supported by the testimony of the appellant are sufficient to show a conditional delivery of the note together with the application and a mutual agreement that the policy should not be issued or take effect until about the 20th of May, at which time it could be determined whether the crop would yield as much as ten bushels per acre * * *. These allegations, if true, constitute a complete defense to the action, * * * and parol testimony is admissible to prove the condition upon which the delivery was made. * * * Since, according to the agreement alleged and proven by the appellant, the note was not to take effect until the parties had inspected the wheat about the 20th of May and decided that it would yield as much as ten bushels per acre, there was no consideration whatever for the note, and the condition precedent had not been complied with." See also Burke v. Dulaney, 153 U.S. 228, 14 S.Ct. 816, 38 L.Ed. 698; Hawkins v. Johnson, Tex.Civ.App., 181 S.W. 563; Guaranty Bank & Trust Co. v. Hamacher, Tex.Civ.App., 112 S.W.2d 343. In this case the defendant never approved or accepted the second $2500 life insurance policy. According to his statement, he told Pullen that he did not wish to accept it. This is sufficient to raise the issue of the conditional delivery of the note.

The same rule applies to the conditional delivery of the insurance policy. In 29 Am.Jur. 165, it is said: "The operative effect of an insurance policy may be made to depend upon the meeting of the terms of a condition or conditions upon which delivery of the policy was made. It is consequently asserted that a policy delivered on condition does not bind the insurer unless the condition is met."

In the case of Eaton v. New York Life Ins. Co. of New York, 315 Pa. 68, 172 A. 121, 95 A.L.R. 462, the court held that the possession of the policy by the insured raised a presumption of delivery but that the presumption may be rebutted by parol testimony showing the delivery to be conditional upon acceptance by the insured. In this case the defendant's retention of the policy only raises a presumption of acceptance. According to his affidavit, he did not choose to accept it. Stallings v. Occidental Life Ins. Co., 229 N.C. 529, 50 S.E.2d 292.

Neither the plaintiff Ritchey nor his sub-agent, Pullen, mention in their affidavits that the delivery of the policy was conditional upon the defendant's acceptance. Both do point out that the defendant never surrendered the policy for cancellation. However, viewing the evidence in the light most favorable to the defendant and resolving every intendment reasonably deducible therefrom in his favor, there is raised a genuine issue as to a material fact, i. e., whether it was agreed and understood between the parties, as alleged and stated by the defendant, that he would have 90 days to accept the life insurance policy. If the condition precedent was never met, there was no consideration for the note. Thus, if the defendant's allegations and statements are found to be true, this is a complete defense to the action. This issue should have been submitted to a court or jury for determination. Sidor v. Dreeben, Tex.Civ.App., 236 S.W.2d 841. The trial court, therefore, erred in sustaining the plaintiffs' motion for summary judgment.

The judgment is reversed and the cause remanded for another trial.