**W. H. MOSER, Appellant,**

**v.**

**JOHN F. BUCKNER & SONS, Appellees.**

**No. 3286.**

Court of Civil Appeals of Texas. Waco.

Oct. 18, 1955.

Rehearing Denied Nov. 10, 1955.

B. Ray Smith, Frank D. Wear, Paris, Jack C. Altaras, Cleburne, for appellant.

Hardy Moore, Paris, Wm. Roy Anderson, James & Mahanay, Cleburne, for appellees.

HALE, Justice.

Appellees, a partnership composed of John F. Buckner and three of his sons, sued appellant for $20,000, with interest and attorneys' fees, alleged to be due them on a promissory note dated March 19, 1953, and for the additional sum of $34,843.62 alleged to be due them as shown by a voluminous verified account attached to their petition. The payment of the note sued upon was secured by a chattel mortgage on certain heavy equipment owned by appellant and used in road construction work. Appellees also sought and secured the appointment of a receiver to take possession of the mortgaged property during the pendency of the suit. The appellant answered with numerous pleas, including a sworn denial of the verified account sued upon and with affirma-

tive allegations under oath to the effect that the execution of the $20,000 note declared upon was without consideration and that, although he signed the same, he delivered it to appellees solely for the purpose of securing them against loss as endorsers on a prior note he had executed and delivered to the Cleburne National Bank of Cleburne, Texas on March 19, 1953 for the sum of $22,200.

The case was tried before a jury. Upon the conclusion of the evidence, appellees duly presented their motion for an instructed verdict in their favor for the amount of $24,100 (being the principal, interest and attorneys' fees on the $20,000 note dated March 19, 1953) and for the additional amount of $17,084.48, (being the amount of a check dated November 24, 1953) and "for such additional amount as the testimony fails to raise an issue of fact with respect to." In their motion for instructed verdict, appellees also sought to have the mortgaged property of appellant· sold by the receiver and to have the proceeds of such sale ·credited on the amount of their judgment "after payment of court costs, receiver's fees and charges, and the balance owed the Cleburne National Bank on defendant's $22,200 note held by it, dated March 19, 1953." Thereupon, the court instructed the jury to return their verdict in favor of appellees for $41,184.48. The court then rendered judgment in accordance with the verdict and with the motion of appellees in regard to the sale of the mortgaged property by the receiver and the disposition of the proceeds to be derived from such sale.

■ Appellant says, among other grounds upon which his appeal is predicated, that the court below erred in peremptorily instructing the jury to return their verdict against him on the $20,000 note dated March 19, 1953 because the pleadings and evidence show that such note and the mortgage securing the payment thereof were signed by him and delivered to appellees upon the condition that they were being given for the purpose of securing appellees against loss by reason of their having endorsed appellant's note payable to the Cleburne National Bank for $22,200 dated March 19, 1953. Appellant contends that since appellees have not sustained and will not sustain any loss on account of the loan extended to him by the Cleburne National Bank, they are not entitled to any recovery against him on the $20,000 note which he conditionally delivered to them.

The evidence shows that appellant and appellees were engaged in the highway construction business, and that appellant had subcontracted road construction jobs from appellees over a period of several years prior to the time when the controversy in this suit arose. The evidence further shows that on March 19, 1953, the Cleburne National Bank loaned to appellant the sum of $22,200, and in consideration of such loan appellant executed and delivered to the Bank at that time his promissory note in the principal sum of $22,200, and as security for the payment thereof he also executed and delivered to the Bank a chattel mortgage covering two drag lines and certain heavy equipment which he used in road construction work, the value of the mortgaged property being estimated by appellant to be approximately $30,000. Appellees, acting by John F. Buckner, signed appellant's note to the Cleburne National Bank as endorsers. Appellant testified unequivocally that after he had completed the transaction with the Bank next above referred to, John F. Buckner asked him on the afternoon of March 19, 1953 "if I would execute a note and mortgage to protect him on the co-signing of the note to the Bank. Q. You mean by that, the note he signed as endorser with you, on the $22,200 note to the Cleburne National Bank? A. Yes sir. Q. After he asked you that, what did you tell him? A. I told him I would be glad to." Appellant further testified in effect that he signed and delivered the $20,000 note payable to appellees and the chattel mortgage securing the payment thereof covering his heavy equipment, in order to protect appellees against any loss by reason of the fact that they had endorsed his $22,200 note to the Cleburne National Bank.

Irwin Buckner, a son of John F. Buckner and one of the appellees herein, testified that he and his associates did not deliver any money to appellant on March 19, 1953 in consideration of his having executed and delivered to them the $20,000 note herein sued upon.

"Q. Well, did you give Mr. Moser $20,000 in cash, or by check, or anything on that day? A. No sir. * * *

"Q. Now, you say there was some consideration for this note? A. Yes, sir.

"Q. It wasn't $20,000.00 was it? A. Well, that $20,000.00 note was given to secure the indebtedness—part of the indebtedness that Moser owed, and also part of the consideration for us co-signing his note at the Cleburne National Bank.

"Q. Now when you got this note, did you make an entry on your books crediting Moser with $20,000.00? A. No sir.

"Q. You didn't make any book entry on this note at all? A. No sir.

"Q. Have you ever made any book entry on this note? A. No sir.

"Q. I believe you said it was partly as security for co-signing a note with him to the Cleburne National Bank, is that right? A. As part of the reason for making it, yes, sir."

The Vice President of the Cleburne National Bank testified that on March 19, 1953 the Bank made a loan to appellant for the amount of $22,200 evidenced by a note of that date; that the note was endorsed "John F. Buckner & Sons, by John F. Buckner"; that at the time of trial (December 13, 1954) there was a balance due on the note of only $7,200; that appellant had on deposit in the Bank to the credit of his account at that time the sum of $4,751.11. Hence, according to the records of the Bank and the testimony of its Vice President, appellant owed to the Bank only $2,448.89 more on his note than the Bank owed him as a depositor and the indebtedness thus owed by appellant to the Bank was secured by a first

lien on appellant's construction equipment which he estimated to be of the value of $30,000.

In our opinion the trial court erred in directing the jury to return their verdict against appellant for $41,184.48, such amount including $24,100 alleged to be due appellees as principal, interest and attorneys' fees on the $20,000 note herein sued upon, because we think the evidence as a whole was sufficient and competent to raise issues of fact for the jury as a proper basis for determining whether the note sued upon was legally enforceable.

 Section 16 of Art. 5932, Vernon's Tex.Civ.Stats., relating to negotiable instruments, provides in part as follows: "As between immediate parties, and as regards a remote party other than a holder in due course, * * * the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument." In discussing this statutory provision, we find the following statement in Tex.Jur., Vol. 6, Sec. 277: "Under this provision of the statute and according to the rule as it existed at common law, it is generally held that in a suit between the original parties or against those taking with notice or after maturity parol evidence is admissible for the purpose of showing a conditional delivery of the instrument, as, for instance, that a promissory note, though absolute in form, and delivered to the manual possession of the payee was not intended to take effect as a binding obligation until the happening of a stipulated contingency."

As we understand the brief of appellees, it is their contention that parol evidence was not admissible or competent to prove that the note herein sued upon was executed and delivered to them for the purpose of securing them against loss as endorsers of appellant's $22,200.00 note to the Bank. In support of their contention they cite the cases of Helmke v. Prasifka, Tex.Civ.App., 17 S.W.2d 463 (er. ref.) and Shepherd v. Woodson Lumber Co., Tex.Civ.App., 63 S.W.2d 581, 583. This court, in the course

of its opinion in the latter case, quoted with approval from the opinion in the former case as follows:

"'Of course, there is a distinction between a parol condition affecting the delivery of a written obligation and one affecting its payment. This distinction is not always clearly apparent from the provisions of the condition. But, when the distinction is ascertainable, and is determined, the rules concerning its enforceability thus ascertained are clearly distinguishable. For a parol condition affecting the delivery of a written obligation is enforceable by virtue of our Negotiable Instruments Act (section 16, art. 5932), whereas a parol condition affecting the payment of a delivered written instrument is not enforceable if it operates to add to, take from, or vary, the terms of the written agreement.'"

In each of the cases thus relied upon by appellees, it was determined that the parol condition involved therein was one affecting the payment of the written obligation rather than its execution and delivery. However, in the case now before us we think the evidence, documentary and parol, was admissible, competent and sufficient to show that the note herein sued upon, though absolute in form and delivered to the manual possession of appellees, was nevertheless delivered to them for a special purpose and was not intended to take effect as a binding obligation for the purpose of transferring the property in the instrument unless and until appellees should sustain loss by reason of having endorsed appellant's note to the Bank. If it was the intention of appellees that the delivery of the note sued upon should take effect as a binding obligation at the time of its delivery, and not at such later date, if any, as they might sustain a loss by reason of having endorsed appellant's prior note to the Bank, then we see no reason whatsoever why they did not make an entry on their books crediting appellant with the amount thereof or entering the same on their books as a part of their assets. If, in fact, it was not the intention of the parties to the note that it should take effect as a binding obligation between them at the time of its delivery, and if the note was delivered for the special purpose of securing appellees against loss on account of their having endorsed appellant's $22,200.00 note to the Bank, then the note here sued upon would not be legally enforceable in this suit. Rector v. Evans, Tex.Com.App., 6 S.W.2d 105; Williams v. Jones, Tex.Com. App., 122 Tex. 61, 52 S.W.2d 256; Watson v. Rice, Tex.Civ.App., 166 S.W. 106 (er. ref.); Exum v. Mayfield, Tex.Civ.App., 297 S.W. 607; Thomason v. Lee, Tex.Civ. App., 4 S.W.2d 157 (er. ref.); Roddy v. Citizens' State Bank of Copeville, Tex.Civ. App., 11 S.W.2d 652; Stubblefield v. Cooper, Tex.Civ.App., 37 S.W.2d 818 (er. dis.); Davis v. Jarnigan, Tex.Civ.App., 59 S.W.2d 281 (er. dis.); Moore v. B. & M. Chevrolet Co., Tex.Civ.App., 72 S.W.2d 945; Bledsoe v. Pritchard, Tex.Civ.App., 107 S.W.2d 742; Guaranty Bank & Trust Co. v. Hamacher, Tex.Civ.App., 112 S.W.2d 343; Bynum v. Peoples State Bank of Turkey, Tex.Civ. App., 243 S.W.2d 190; Hunley v. Garber, Tex.Civ.App., 254 S.W.2d 813.

From the record before us, we cannot determine as a matter of law for what amount, if any, appellant might have been justly indebted to appellees at the time of the trial or what disposition, if any, the trial court should have made at or prior to that time of the pending receivership. Although a number of points of error are presented in appellant's brief other than the one we have discussed, we do not deem it necessary to pass upon them since they will not likely arise upon another trial in the same manner as they arose in the present trial.

Because we have concluded that the court below erred in peremptorily instructing the jury to return their verdict in favor of appellees, the judgment appealed from is reversed and the cause is remanded for another trial.