W. H. MOSER, d/b/a W. H. Moser Construction Co., Appellant,

v.

JOHN F. BUCKNER & SONS, Appellee.

No. 3597.

Court of Civil Appeals of Texas.

Waco.

Jan. 29, 1959.

Rehearing Denied Feb. 26, 1959.

B. Ray Smith, Paris, Walker, Baker & Altaras, Cleburne, for appellant.

Hardy Moore, Paris, Anderson & Anderson, Cleburne, for appellee.

McDONALD, Chief Justice.

This case represents further litigation between W. H. Moser and John F. Buckner

& Sons. Background is contained in: Moser v. John F. Buckner & Sons, Tex. Civ.App., 292 S.W.2d 668, W/E Ref. N.R. E.; Moser v. John F. Buckner & Sons, Tex. Civ.App., 283 S.W.2d 404; John F. Buckner & Sons v. Arkansas Fuel Oil Corp., Tex. Civ.App., 301 S.W.2d 325; Moser v. John F. Buckner & Sons, Tex.Civ.App., 308 S.W. 2d 194; John F. Buckner & Sons v. Arkansas Fuel Oil Corp., Tex.Civ.App., 319 S.W.2d 204. A short summary of the protracted litigation between these parties is deemed helpful.

In 1954 Moser sued Buckner and Sons for usury. Judgment was rendered for the Buckners and affirmed by this court. 292 S.W.2d 668. Thereafter in 1954 Buckners sued Moser for debt and recovered judgment on an instructed verdict. This case was reversed and remanded by this court (283 S.W.2d 404). The costs were not paid within a year, subjecting the case to dismissal; and thereafter on 17 September 1957 the Buckners filed the instant case on the same indebtedness as was involved in 283 S.W.2d 404. In the case at bar the Buckners sued upon a $20,000 note, dated 19 March 1953; upon a check for $17,084.48 dated 24 November 1953 (which had been presented for payment and returned unpaid by the bank marked "Insufficient Funds"); and for $34,843.62 (including the check) alleged to be due on verified accounts. While both cases were pending Moser filed a plea in abatement in the instant case, based on the pendency of the case which had been reversed and remanded. The Buckners then made a motion to dismiss the prior suit (which was pending on remand, see 283 S.W.2d 404, supra). The Trial Court entered an order of dismissal in the prior suit, and overruled Moser's plea in abatement in the instant case. Moser appealed from the Trial Court's action in overruling his plea in abatement. Such appeal was dismissed by this court (See 308 S.W.2d 194, supra). The other two cases, reported in 301 S.W. 2d 325, and 319 S.W.2d 204, involve controversy between Moser and the Buckners, and the Arkansas Fuel Oil Corporation, and are not directly involved with the instant case.

Trial in the instant case was to a jury, which found:

1) The $20,000 note sued on was not made for the sole purpose of securing the Buckners for having endorsed Moser's note at the Cleburne bank.

(The prior case, viz.: 283 S.W.2d 404, was reversed and remanded by this court because the trial court gave an instructed verdict for plaintiff on this note; and this court held that a jury issue was made by the evidence as to whether the consideration for such note was Buckners' endorsing Moser's note at the Cleburne bank or that plus other considerations).

2) Excluding the foregoing note, Moser, as of 19 December 1953, was indebted to the Buckners for $17,084.48 (the amount of the check returned unpaid).

3) On 11 January 1954 Moser submitted to the Buckners a statement recognizing a balance then owed the Buckners by Moser.

4) In reliance on such statement the Buckners thereafter advanced Moser $5,877.95.

5) The Buckners would not have made such advancement if they had known Moser was or would question the correctness of the indebtedness.

6) Relying on the instrument dated 19 December 1953, the Buckners advanced approximately $14,000 to Moser.

7) The Buckners would not have made such advancement but for Moser's execution of the instrument of 19 December 1953.

The Trial Court entered judgment for plaintiffs, the Buckners, against defendant Moser for the $20,000 note sued upon, together with interest from 19 March 1953, and attorney's fees (less payments of $16,165.80 made to the Buckners by the Receiver appointed in the previous cause to

take over and sell the equipment mortgaged to secure such note), and for $17,084.48—such judgment totaling $29,663.39.

Defendant Moser appeals, contending:

1) The Trial Court erred in overruling defendant's plea in abatement to the second suit (the instant case).

2 and 3) There is no evidence or insufficient evidence to support the jury's finding that the $20,000 note sued on was not executed solely to secure the Buckners for having endorsed Moser's note at the Cleburne bank.

4, 5, 7 and 8) There was no basis for Issue 1, since there was no agreement, allegation or proof as to what part of the consideration for the $20,000 note, was for signing the Moser note at the Cleburne bank, and what part was for better securing Moser's existing indebtedness to the Buckners.

6 and 12) Plaintiffs are estopped from litigating the $20,000 note and the $17,084.48 indebtedness in the instant case, since they placed same in issue in a previous case (292 S.W.2d 668).

9, 10 and 11) There is no evidence to support the jury's answer to Issue 2 finding that on 19 December 1953 Moser was indebted to Buckners for $17,084.48.

13, 14 and 15) The trial court erred in not submitting to the jury certain defensive issues relative to Issue 2 (concerning the indebtedness evidenced by the returned check).

We revert to Moser's 1st contention, that the Trial Court erred in overruling defendant's plea in abatement to the instant case (same being the 2nd suit filed in point of time, and involving the same parties and subject matter).

In the first suit filed involving this same subject matter (283 S.W.2d 404) plaintiffs secured the appointment of a Receiver to take over the property mortgaged, and secured a judgment on the note as well as other items sued on. This court reversed and remanded that case. No mandate was taken out and filed in the Trial Court within twelve months, as required by Rule 445, Texas Rules of Civil Procedure, and so such case became subject to dismissal. Plaintiffs filed the second case (which is the instant case) prior to the time in which limitation would extinguish the defendant's obligations. Plaintiffs did this obviously as the only route open to them by which they might preserve their alleged cause of action against defendant. Defendant filed a plea in abatement to plaintiffs' second (the instant) suit. Plaintiffs then moved to dismiss the first cause (which, under Rule 445, was mandatory upon the Trial Court in any event). The Trial Court dismissed the first cause and overruled the plea in abatement as to the second cause. It is our view that the Trial Court did not err in this regard. Since the Trial Court had to dismiss the first cause of action under Rule 445 T.R.C.P., plaintiffs had every right to refile their cause of action, provided they did so prior to the time such would be barred by limitation. Further to the foregoing, where two suits are instituted, involving the same parties and subject matter, the court may require the plaintiff to elect which suit he will prosecute, the only penalty being that plaintiff must pay the costs of the case dismissed under the election. It is error to dismiss the second case without giving the plaintiff the opportunity of election. A plaintiff may therefore elect to abandon and dismiss the former suit and prosecute the one subsequently commenced by him. 1 Tex.Jur. 97, 98. Further, the pendency of a prior suit will not abate the second if the first is defective and the second is necessary to secure the demand. 1 Tex.Jur. 104. That is precisely the situation here. Cook v. Smith, Tex.Civ.App., 96 S.W.2d 318, 319, 326, W/E Dism'd, expresses the rule thusly:

"It is a well-settled rule of law in this state that the pendency of another suit will not authorize the abatement of

the suit in which such plea is filed, without giving the plaintiff the opportunity to elect which suit he will abandon. 1 Texas Juris p. 98, § 69; Wilkerson v. Ft. Worth & D. C. Ry. Co., Tex. Civ.App., 171 S.W. 1041 [W/E Refused]; City of Dallas v. McElroy, Tex. Civ.App., 254 S.W. 599; International & G. N. Ry. v. Barton, 24 Tex.Civ.App. 122, 57 S.W. 292."

Defendant's contention 1 is overruled.

■ Defendant's 2nd and 3rd contentions are to the effect that there is no evidence or insufficient evidence to support the jury's finding that the $20,000 note sued on was not executed solely to secure the Buckners for having endorsed Moser's note at the Cleburne bank. We have carefully examined the record before us and conclude that there is ample evidence to sustain the jury's finding. The witness Irwin Buckner testified that part of the consideration was in acknowledgment of debt and to secure the indebtedness Moser owed the Buckners; and further, that at the time of the execution of the note Moser was indebted to the Buckners for more than $20,000. John F. Buckner testified to the same effect. Further, the 19 December 1953 agreement between Moser and the Buckners, which is in evidence, refers to indebtedness due the Buckners from Moser evidenced by notes, etc. This court reversed and remanded the first case (283 S.W.2d 404) because the Trial Court gave an *instructed verdict* for plaintiffs on the foregoing note, and it was our view that the evidence was sufficient to make for a jury issue as to the consideration therefor. The matter was submitted to and resolved by a jury in the instant case, and we think the evidence ample to sustain the jury's findings thereon. Defendant's contentions 2 and 3 are overruled.

■ Defendant's contentions 4, 5, 7 and 8 involve the recitation in the $20,000 note that it represented money borrowed while the proof showed that the consideration was in part for credit extended; and in part for the Buckners signing Moser's note at the Cleburne bank; and the fact that there was no agreement, allegation, or proof as to what part of the consideration for the $20,000 note was for signing the Moser note and what part was for better securing Moser's existing indebtedness to the Buckners. Article 5933, Vernon's Ann. Civ.St., provides that every negotiable instrument is deemed prima facie to have been executed for a valuable consideration —and that value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value and is sufficient consideration to support the validity of the note. As long as the note was supported in part by a consideration of a pre-existing debt, it makes no difference as to what portion of the consideration was grounded in pre-existing debt and what portion was for signing the Moser note at the Cleburne bank. Defendant's contentions 4, 5, 7, and 8 are overruled.

■ Defendant's 6th and 12th contentions are that plaintiffs are estopped to litigate the note and the $17,084.48 indebtedness, in the instant case, because same were placed in issue in a previous case, to-wit, 292 S.W.2d 668, supra. The cause reported in 292 S.W.2d 668, supra, was a suit filed by Moser against the Buckners grounded on usury. In such case the Buckners sought no recovery against Moser on the note or the check, upon which the instant suit was instituted. The prior suit (292 S.W.2d 668) is not res judicata of the issue in the instant case as to the note and debt evidence by the check, and plaintiffs are not estopped thereby to assert their cause of action and litigate same. Defendant's contentions 6 and 12 are overruled.

■ Defendant's contentions 9, 10, and 11 are levelled at the submission of Issue 2 and contend that there is no evidence to support the jury's finding thereon. By

their answer to Issue 2 the jury found that Moser was indebted to the Buckners on the $17,084.48 check, which had been given to the Buckners by Moser, and returned unpaid by the bank. The evidence shows that the check was given by Moser to the Buckners, was returned unpaid by the bank, and has never thereafter been paid. The check was dated 24 November 1953 but received by the Buckners on 28 November 1953. Thereafter, on 19 December 1953, Moser and the Buckners entered into a written contract, which is in evidence, in which Moser admitted to the indebtedness. Further, on or about 7 January 1954, at Moser's request, the Buckners furnished him with a written statement of his account, which reflected the indebtedness, and the correctness of which was discussed and affirmed by Moser. Issue 2 was properly submitted and the evidence is ample to sustain the jury's finding thereon. Defendant's contentions 9, 10, and 11 are overruled.

Defendant's contentions 13, 14, and 15 complain of the Trial Court's refusal to submit certain defensive issues relative to the matter inquired about in Issue 2. We have carefully examined these issues, the issues as submitted by the Trial Court, and the record before us, and conclude that the Trial Court adequately submitted the controlling issues in the case. Defendant's contentions 13, 14, and 15 are overruled.

As noted, the Trial Court rendered judgment on the verdict for the $20,000 note, together with attorney's fees and interest from 19 December 1953; and for $17,084.48, with interest thereon at 6% from 19 December 1953. The Trial Court credited the note with the sum of $16,165.80 representing payments which the record reflected plaintiffs judicially admitted were paid over by the Receiver, in the first case, involving this same subject matter, to the Buckners. Plaintiffs, in their trial amendment in this case, state that *$35,010.71* was collected by the Receiver appointed in the first case (283 S.W.2d 404). Such instrument further states that $12,262.40 was paid by the Receiver to the Cleburne bank in discharge of Moser's note upon which the Buckners were surety; and that $15,750 was paid by the Receiver to the Buckners; and that the Receiver *"withheld, paid to, and reimbursed himself salary, expenses, and commissions duly alleged and proved."* Subtracting the amounts paid to the Cleburne bank and to the Buckners, the judicial admission appears that the Receiver paid himself some $6,988.31 as salary, expenses, and commissions. Now, the Receiver was appointed by the court in the prior case (283 S.W. 2d 404). Such case resulted in judgment for the plaintiffs herein, but was reversed and remanded for another trial by this court. The plaintiffs caused the dismissal of the first case, and refiled their cause of action in the instant case. The receiver withheld, reimbursed and paid to himself salary, expenses and commissions in the amount of some $6,988.31. Such is judicially admitted by plaintiffs in their trial amendment. Such sum was never approved by the court or by anyone else except the Receiver himself, so far as this record reflects. The case in which the receivership was pending was dismissed by the plaintiffs. There is no receivership in the instant case. The Trial Court properly credited the judgment on the note with the sum judicially admitted by plaintiffs and which the record showed had been turned over to plaintiffs.

Where a party procuring the appointment of a receiver, applies for and obtains a discharge of the receiver before a determination of the suit on the merits, *or has the proceedings dismissed without prejudice,* he becomes liable for the expenses of the receivership. 53 Corpus Juris, Sec. 506, p. 307; 75 C.J.S. Receivers § 303, p. 982; Shaw v. Shaw, 51 Tex.Civ. App. 55, 112 S.W. 124. Such is a just and equitable rule.

Since the receivership was obtained in another case (the first cause); and since such cause was reversed and remanded, and before retrial, was caused to

be dismissed by plaintiffs; and since the cost of such receivership appears in plaintiffs' trial amendment as a judicial admission; we think the Trial Court should have taxed same to plaintiffs and allowed such as a credit upon plaintiffs' judgment. We think the failure to credit the receivership costs, in view of the judicial admission in plaintiffs' trial amendment, is fundamental error apparent on the record, and the judgment must be reformed to correct this error. As to what constitutes fundamental error apparent on the record, see ICT Ins. Co. v. Gunn, Tex.Civ.App., 294 S.W.2d 435 (W/E Ref. N.R.E.).

Accordingly, the judgment of the Trial Court is reformed allowing defendant Moser an additional credit of $6,988.31 upon the judgment rendered on 19 March 1958 (such judgment being reformed to read $22,675.08 with interest thereon at 6%, etc.). All costs are adjudged against appellant Moser. See Rule 448, T.R.C.P.

Further to the foregoing, we have overruled defendant's 1st contention for the reasons stated. Not to do so would be unjust to plaintiffs, who would have no redress on their alleged cause of action. We note, however, that there is respectable authority to the effect that upon a reversal and remand for a new trial (which was the situation in the instant case), the cause stands for trial de novo, and a dismissal or non suit may then be taken, *provided defendant will not be prejudiced thereby.* 5B C.J.S. Appeal and Error § 1974, p. 609. The court, in Southern Cotton Oil Co. v. Shelton, 4 Cir., 223 F. 770, 771, permits a dismissal by plaintiff in such a situation, but observes:

> "*There was nothing to show that the plaintiff would obtain any unfair advantage, or that the defendant would be prejudiced * * *, by the dismissal.*"

It is our view that unless the costs of the receivership be charged to plaintiffs, such would constitute an unfair advantage afforded plaintiffs by reason of the dismissal of the prior suit.

Accordingly, the judgment of the Trial Court is reformed as stated, and as reformed, is in all other respects affirmed.

Reformed and affirmed.