## POWELL et al. v. REPUBLIC PORTLAND CEMENT CO.

No. 9719.

Court of Civil Appeals of Texas. San Antonio.

Feb. 5, 1936.

Rehearing Denied March 4, 1936.

Touchstone, Wight, Gormley & Price, of Dallas, for appellants.

Dodson & Ezell, of San Antonio, for appellee.

MURRAY, Justice.

Appellee, Republic Portland Cement Company, instituted this suit against appellants, E. G. Powell and Metropolitan Casualty Insurance Company of New York, seeking recovery, in the sum of $1,-231.23, together with interest and attorney's fees, upon a withdrawal bond filed by appellants with the state highway department, in accordance with the provisions of article 5472b, Vernon's Ann.Civ.St., for the purpose of enabling them to withdraw funds due E. G. Powell as a part of the proceeds of a contract with the highway department for the construction of a road in Wood county, Tex.

The trial was to a jury, but upon the conclusion of the evidence the trial judge instructed a verdict for appellee, as prayed for, including attorney's fees, in the sum of $300, from which judgment E. G. Powell and Metropolitan Casualty Insurance Company have prosecuted this appeal.

The facts in this case are: That E. G. Powell was the general contractor on state highway job No. 250, state aid project No. 950–A, in Wood county. J. E. Thomson Company was a subcontractor on this job. Appellee shipped six railroad cars of cement to J. E. Thomson to be used in this job. Appellee complied with the provisions of article 5472a, Vernon's Ann.Civ. St., so as to fix a lien upon any sums of money due by the state to Powell on this contract for the payment of these six cars of cement.

When the contract was completed, Powell did not pay this claim, duly filed with the highway department, but filed a so-called withdrawal bond, under the provisions of article 5472b, Vernon's Ann.Civ. St. and received payment of more than $2,-000 due him by the state under the contract. Appellants present four assignments of error and eight propositions.

By their first, second, third, and sixth, propositions appellants contend that appellee's petition was subject to general demurrer, because it failed to allege that any amount was due to the subcontractor by the principal contractor, and because it further failed to allege the date, number, and amount of claims filed with the highway department, growing out of the contract in question, or the total amount of money due by the highway department on the contract

to the general contractor. Appellant also contends that the proof was insufficient because it failed to show these matters.

■ We overrule these contentions and hold that appellee's petition and proof was sufficient. In the first place, appellants executed a bond in which they obligated themselves to pay to appellee the sum of $1,237.23, or so much thereof as may be proved to be liens under the terms of articles 5472a and 5472b, Vernon's Ann.Civ. St. Appellee was named as the only obligee in this bond.

Under such circumstances, all that the statute requires of appellee is that it allege and prove the amount of its debt, that the material was actually used in the work, and the fixing of its lien.

■ Furthermore, appellant, Powell, as general contractor, was required to execute a bond to secure performance of his contract. By that he becomes obligated to pay for all labor and material which enters into the work, and this obligation exists whether the material is furnished to him or to his subcontractor. We conclude that after Powell had voluntarily entered into this bond, in which he named appellee as the only obligee, he became obligated to appellee to pay it the amount of its debt for material which went into the work, and for which appellee had established a lien under the provisions of article 5160, R.S.1925, as amended by Acts 1929, c. 226, § 1 (Vernon's Ann.Civ.St. art. 5160); arts. 5472a and 5472b, Vernon's Ann.Civ.St.

■ Appellants further contend that appellee is estopped to claim an amount in excess of $538.56, because in May, 1933, it wrote Powell a letter and inclosed an invoice of three cars of cement shipped during February and March, 1933, amounting to $538.56, and in the letter stated "net balance due on this account being $538.56." Appellee had prior thereto, in February, 1933, written a letter to Powell inclosing an invoice for three cars of cement, shipped during November, 1932, and January, 1933, amounting to $692.67, and in that letter used the expression "net balance due on this account being $692.67." Powell contends that he construed the expression in the letter of May, 1933, to mean that Thomson Company only owed a balance of $538.56, at that date, and that although he had received the invoice showing the amount of $692.67, for cement shipped in November and January, that he concluded

that amount had been paid and only a balance was due for the amount shown by the invoice inclosed. Appellee contends that the expression "net balance due on this account" meant the total sum due on the invoice inclosed. However, appellee filed a claim for both amounts, and when appellant Powell went to Austin to determine the advisability of filing a withdrawal·bond he found both of these sums claimed as due by appellee, and executed a bond, payable to appellee·as the only obligee, in which he agreed, among other things, to pay said claims or such portion or portions thereof as may be proved to be liens under the terms of chapter 17, of the Thirty-Ninth Legislature, article 5472a, Vernon's Ann. Civ.St.

■ It is clear that the letter of May, 1933, did not estop appellee to enforce its claim for the full amount thereof, but if such letter be regarded as sufficient to estop appellee, then when appellants thereafter executed the withdrawal bond herein they estopped themselves to claim estoppel as against appellee. The rule in equity is that in this situation such estoppels neutralize each other and leave the matter at large, as though no estoppel had arisen in favor of or against either party.

Appellants further contend, in any event, that appellee's claim being for 3,312 sacks of cement, and the evidence showing that only 3,310 sacks of cement went into the work, that thus the judgment should be reduced by the sum of 85 cents, and appellee not recovering the full amount of his claim, was not entitled to recover attorney's fees.

Article 5472b, Vernon's Ann.Civ.St. section 2 thereof, provides, in effect, that where a claimant, such as appellee, recovers the full amount of his claim, he is entitled to have the court fix a reasonable attorney's fee in his favor.

■ It is clear that if appellee had not recovered judgment for the full amount of its claim, that it would not have been entitled to the $300 allowed it by the trial judge. Appellee did recover judgment for the full amount of its claim, and no objection having been raised in the trial court as to the amount of the judgment, certainly this court would not correct the judgment as to the small sum of 85 cents, and thereby cast the appellee in the cost of this appeal.

■ On the other hand, the evidence establishes fully and satisfactorily that the 3,312 sacks of cement did go into the work. Appellee offered the following testimony of the division engineer for the Texas highway department, D. C. Greer:

"Please state whether or not your records show shipments of cement were delivered to State Aid Project No. 950–A, Highway No. 154, in Wood County, Texas, as follows:

| Date | Barrels Cement | Car Number |
|---|---|---|
| 11–10–33 | 150 | MKT 76472 |
| 11–28–32 | 150 | MKT 76856 |
| 1–11–33 | 132 | MKT 76771 |
| 2–20–33 | 132 | MKT 76181 |
| 3–17–33 | 132 | MKT 95296 |
| 3– 4–33 | 132 | MKT 76156 |

"Answer: Yes.

"If you have answered the next foregoing question in the affirmative, then please state whether your records show who furnished the said cement, and if you answer that they do, then please state the name.

"Answer: Our records show that this cement was furnished by the Republic Portland Cement Company.

"Please state what quantity of cement your records show was so furnished, and what quantity of cement entered into the said construction project?

"Answer: The six cars received were shown to contain 828 barrels or 3312 sacks of cement. Our specifications provide for 6 sacks of cement per cubic yard of concrete. We paid the contractor for 551.67 cubic yards of concrete on the final estimate. This figures 3310 sacks of cement.

"Please state whether the cement in question went into any public improvements of the State of Texas, and if so, what part of the said improvements?

"Answer: The above cement is certified by myself and assistants to have been used in the construction of S. P. 950–A, Highway· 154, Wood County. This was a public improvement of the State of Texas."

The fact that the cement, when measured in place after construction, showed two sacks less than 3,312 sacks sold to the subcontractor, does not contradict the statement of the division engineer that all of this cement went into the work.

The judgment is affirmed.