## JOE HUGGINS LUMBER CO. v. GOOSE CREEK INDEPENDENT SCHOOL DIST. et al.

### No. 10892.

Court of Civil Appeals of Texas. Galveston.

Nov. 9, 1939.

Kayser, Liddell, Benbow & Butler and W. O. Huggins, Jr., all of Houston, for appellant.

Bailey & Blum, of Houston (Ben Blum, of Houston, of counsel), for appellee General Gulf Co.

Bailey & Blum, of Houston, for appellee Maryland Casualty Co.

GRAVES, Justice.

This appeal is from a judgment of the court below, sitting without a jury, wherein the appellant was awarded a personal judgment for $168 against Edwin P. Alli-

son for a bill of lumber furnished by it to him as the sub-contractor in the construction of improvements on the Goose Creek High School under a contract between its Independent School District and the General Gulf Company as general contractor, but denying it any recovery against such general contractor or its bondsman, the Maryland Casualty Company, or against the Goose Creek Independent School District.

"The Court filed findings of fact and conclusions of law, finding, in substance, that the facts were all as declared in appellant's petition and, in addition, not only that the Goose Creek Independent School District owed the general contractor $200.-00 at the time of due and statutory notice by appellant to the school District, but that the general contractor had notice of appellant's claim on or about September 15, 1937, and thereafter paid Edwin P. Allison over $200.00 on account of work done under his sub-contract; further, that at the time of the notice by appellant to the Goose Creek Independent School District on December 14, 1937, the general contractor had paid Edwin P. Allison all it owed him under his sub-contract; that the Goose Creek Independent School District withheld $200.00 of the funds owing to the General Gulf Company under such tract, and that on or about the 8th day of February, 1938, General Gulf Company filed a release-bond with the Maryland Casualty Company as surety; that this suit was first filed in the justice court of Harris County, Texas, Precinct No. 1, within six months after date of notice of appellant's claim was filed with the School District, and that $20.00 was a reasonable attorney's fee for the prosecution of plaintiff's suit.

"The trial court concluded as a matter of law:

"1. That appellant was entitled to a personal judgment against Edwin P. Allison for its debt in the amount of $168.00 and costs;

"2. That the release-bond executed by the general contractor released the Goose Creek Independent School District of liability and, therefore, no recovery should be had against it;

"3. That no right to a lien on funds on hand in the School District was established and, therefore, no right of recovery on the release-bond, because it was not shown that the general contractor, General Gulf

208

Company, was indebted to said sub-contractor, Edwin P. Allison, at the time appellant's notice of its claim was given to the School District."

The learned trial court's reason for denying any recovery to appellant upon the release-bond so given by the general contractor through the Casualty Company was couched in this language:

"That the plaintiff is not entitled to recover under the pleadings and facts because it failed to prove that at the time the notice of its claim was filed with the proper authorities of the Goose Creek Independent School District, the General Gulf Company owed Edwin P. Allison anything under its contract with him or moneys in an amount in excess of the claim of Joe Huggins Lumber Company or in any amount whatsoever, and that plaintiff would therefore not have been entitled to a lien on any funds in the hands of the Goose Creek Independent School District owing to the General Gulf Company under said contracts and therefore plaintiff is not entitled to recover on said release bond."

The sole question the appeal presents is whether or not such denial of any recovery on the release-bond was sound, that is, within the construction that should be given Vernon's Ann.Civ.St. Art. 5472a; the only authority relied upon by the appellees is a construction, thus allegedly made in their favor by this language of Commissioner Leddy in Smith v. Texas Company, Tex.Com.App., 53 S.W.2d 774, 775, 777, to-wit:

"We think it fairly appears from a consideration of the general scheme of legislation upon this subject that it was the intention of the Legislature to enable those furnishing labor, material, and equipment to a subcontractor for any public improvement to receive payment therefor to the extent of any unpaid balance due said subcontractor at the time notice required by statute is given."

█ This court, upon a careful consideration of the matter, concludes that the trial court erred in its quoted construction, and that the copied extract from the Commission's opinion constitutes no holding to the contrary, in that it seems plainly to have been a mere dictum not consistent with the authoritative declarations in the opinion otherwise, and not relating to a point at issue on the facts in that cause; in other words, no question was ever there

raised as to whether funds were due the sub-contractor, Paul Schriewer, at the time the Texas Company filed notice of its claim. That expression was, therefore, not authoritative nor binding.

Furthermore, not only did the Commission's authoritative holdings otherwise in that cause import a contrary conclusion, but the very able opinion of the Waco Court of Civil Appeals in that same cause, which is reported under the style of Texas Company v. Schriewer in 38 S.W.2d 141, 143, which the Commission of Appeals in all material features approved, expressly holds the other way, in this declaration:

"For many years it has been the established policy of the state, as disclosed by general legislation on the subject, to secure the laborer or materialman by a lien to insure payment for the labor and material so furnished by him. One furnishing labor or material, either to a general or subcontractor, for private improvements is given a lien on the improvements constructed with the labor or material so furnished. * * *

█ "The state was furnishing the funds for such improvements, and it had the right and it was its duty to provide that those who supplied the labor and material for such improvements should be compensated therefor. It is the duty of the courts, therefore, to so construe the statute as to accomplish this end, if they can do so, without doing violence to the language used.

"To give the statute that construction contended for by appellee and to hold that those who furnish labor and material to the general contractor may impound the funds, but that those who furnish such labor or material to a subcontractor have no lien thereon, would be a discrimination without warrant. We can perceive no good reason why the Legislature should prefer the laborer who furnishes labor direct to the general contractor over the one who furnishes such labor to a subcontractor. In each case the general contractor gets the benefit of the labor and material necessary for the improvements and for which he has obligated himself to pay. The state likewise gets the benefit of such labor and material and is likewise interested in seeing that it is paid for. * * *

"If the general contractor desired to protect himself against bills incurred by the subcontractor, he should have demanded a bond from the subcontractor. Huddleston

& Work v. Kennedy [Tex.Civ.App.] 57 S.W.2d [255], decided by the Eastland Court, Feb. 20. * * *

"Articles 5472a and 5472b [Vernon's Ann.Civ.St.] were passed by the Legislature for the purpose of providing a more expedient and efficient method to those furnishing material, apparatus, fixtures, machinery, or labor to any contractors for any public improvements in this state for the collection of their claims therefor. The remedy provided by these statutes is in addition to the remedy provided by Article 5160 [Vernon's Ann.Civ.St.], which was in force at the time of their passage. * * *

"We think that the notice is sufficient if it is given before the last, or any other installment, is paid.

"So long as there yet remains in the hands of the state or municipality a payment that has not been made to the contractor, the same may be impounded and subjected to the claim of the laborer or materialman by the giving of the notice to the proper authority. Huddleston & Work v. Kennedy, supra."

If this appraisal of the statute involved and the two holdings construing it is correct, it settles this controversy in appellant's favor, in that the question has thus already been authoritatively foreclosed in its favor. It would accordingly seem unnecessary to further extend the discussion, since this court is convinced that it is sound.

These conclusions require that so much of the trial court's judgment as awarded the $168 personal recovery should be affirmed, but that, so much of it as denied it a recovery as against the General Gulf Company and the Maryland Casualty Company should be reversed, and that judgment should be here rendered awarding it a like recovery against both such companies for the sum of $168, plus the cost of the suit, inclusive of an attorney's fee of $20, which the trial court found to be a reasonable one, if recoverable. It will be so ordered. In support hereof, these authorities are cited: Article 5472b—1, § 2, Vernon's Ann.Civ.St.; Smith v. Texas Co., Tex.Com.App., 53 S.W.2d 774; Texas Company v. Schriewer, Tex.Civ.App., 38 S.W.2d 141.

Affirmed in part.

Reversed and rendered in part.