**JOHN F. BUCKNER & SONS et al.,**
Appellants,

v.

**ARKANSAS FUEL OIL CORPORATION,**
Appellee.

No. 3431.

Court of Civil Appeals of Texas.

Waco.

Feb. 7, 1957.

Rehearing Denied April 25, 1957.

Anderson & Anderson, Cleburne, B. Ray Smith, Paris, Jack C. Altaras, Cleburne, for appellants.

R. A. Kilpatrick, Cleburne, for appellee.

McDONALD, Chief Justice.

This is a suit by a materialman to establish a lien on moneys due or to become due to a public contractor under Articles 5472a, 5472b and 5472b–1, R.C.S., Vernon's Ann. Civ.St. arts. 5472a, 5472b, 5472b–1. Parties will be referred to as in the Trial Court. Plaintiff, Arkansas Fuel Oil Corporation, brought this suit (in the District Court of Johnson County) against John F. Buckner & Sons, W. H. Moser, and the American Bonding Company. Plaintiff alleged that it was a Delaware corporation with a permit to do business in Texas; that Buckner & Sons were general contractors with the State Highway Department for the construction of a Farm to Market road in Red River County, same being projects S–722(1) and S–722(2); that the Buckners subcontracted a portion of said construction to the defendant Moser; that plaintiff sold and delivered to Moser $2,207.03 worth of fuel oil, grease, etc., for use on said projects, and such was used on said projects; that Moser defaulted in payment for such material, whereupon plaintiff did everything necessary to fix a lien on moneys due the Buckners from the State Highway Department. The Buckners filed a release bond with defendant American Bonding Company as its surety and the Highway Department paid to the Buckners the amount due them as general contractors. A plea of privilege was filed by Moser, which was by the Trial Court overruled. No appeal was perfected from such order overruling Moser's plea of privilege within the twenty days prescribed by Rule 385, Texas Rules of Civil Procedure. The case was tried on its merits at a different term of court from that in which the plea of privilege was overruled.

Defendants Buckner & Sons filed a cross action against defendant Moser for the amount of any judgment which plaintiff might recover against defendants Buckner & Sons and defendant Moser filed a cross action against defendants Buckner & Sons for any recovery granted plaintiff against defendant Moser. Defendants Buckner & Sons' cross action was based upon the identical facts and issues out of, relevant to, and connected with plaintiff's cause of action against defendants Buckner & Sons. Defendants Buckner & Sons further alleged that defendants Buckner & Sons were not indebted to defendant Moser on the date plaintiff filed notice under Articles 5472a and 5472b and have not since been indebted to Moser in any amount. The Trial Court granted plaintiff's motion for a severance of the defendants' cross actions against each other; and sustained plaintiff's exception to defendants Buckner & Sons' pleadings that they were not on the date of the filing of plaintiff's claim against Moser or since such time indebted to Moser in any amount.

Trial was to a jury, which, in answer to Special Issues, found that $2,207.03 worth of the oil and fuel sold by plaintiff to Moser had been used in the construction of Farm to Market project S–722(1), and that $400 was a reasonable attorney's fee for plaintiff's attorney. Based on the fore-

going the Trial Court rendered judgment on 7 July 1956 against W. H. Moser and John F. Buckner & Sons, jointly and severally, for $2,207.03, and against Moser for $400 attorney's fees. The judgment further provided that interest should run on the $2,207.03 from 1 January 1954.

Defendant Moser appeals, contending that: 1) The Trial Court erred in overruling his plea of privilege. 2) The Trial Court erred in rendering judgment for plaintiff since it offered no proof of its alleged permit to do business in Texas.

Defendants Buckner & Sons appeal, contending: 1) The Trial Court erred in severing defendants Buckner & Sons' cross action against defendant Moser. 2) The evidence was insufficient to sustain the finding that the material for which recovery was sought was used on the project S–722(1). 3) The Trial Court erred in sustaining plaintiff's exception to its pleading that it was not indebted to Moser on the date plaintiff filed its claim, or at any time thereafter. 4) That judgment could not be rendered for plaintiff absent proof that it had a permit to do business in Texas.

As we view this record there are two major questions for consideration: 1) Whether the evidence is sufficient to sustain the findings that the $2,207.03 worth of materials furnished Moser by plaintiff were actually used in the construction of project S–722(1). 2) Whether plaintiff's right to recovery is dependent in any way on the status of accounts between the general contractor and the subcontractor.

■ We revert to question 1) viz.: whether the evidence is sufficient to sustain the findings that $2,207.03 worth of materials furnished by plaintiff to the defendant Moser were actually used in the construction of project S–722(1). A careful review of the record convinces us that the evidence tendered was insufficient to support the findings made. The rule is that it is necessary for the evidence to show that the materials furnished were

actually used on the job against the proceeds of which the lien is sought to be established, and that same were consumed or wholly depreciated in the process of the construction work. See National Surety Corporation v. Dabney, Tex.Civ.App., 282 S.W.2d 70, 74 (no writ history) and cases there collated; In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286.

■ As to the action of the Trial Court in granting plaintiff's motion to sever the defendants' cross actions against each other, we think this was error, and in view of another trial of this cause we think all parties should be permitted to amend, and replead their cross actions (relating only to transactions involved in this cause) if they so desire. From the foregoing it follows that defendants Buckner & Sons' contentions 1 and 2 are sustained.

We come now to the second major question raised by this appeal, viz.: whether plaintiff's right to recovery is dependent in any way on the status of accounts between the general contractor and the subcontractor.

Article 5472a provides that any person, etc., furnishing labor or material to any contractor for public improvements shall have a lien on any moneys due such contractor for such improvements, *provided* such person, etc., before any payment is made to such contractor, notify in writing the officials of the state, etc., whose duty it is to pay such contractor his claim.

Article 5472b provides that no public official so notified shall pay all of said moneys due such contractor, but shall retain sufficient amount to pay said claim in case it is established by judgment.

Article 5472c provides that a contractor may be paid moneys due him even though a claim for lien be filed, if he executes a bond in double the amount of the claim, payable to the claimant, conditioned that the claimant properly establish his asserted claim.

Texas Co. v. Schriewer, Tex.Civ.App., 38 S.W.2d 141, 143, sets out the history of the foregoing cited statutes and holds that they are equally applicable to moneys owed by a subcontractor—and that the time of filing notice was complied with as long as any money remained with the appropriate official which had not been paid to the contractor. In that case Justice Alexander said:

"The general contractor, under his contract with the state, obligated himself to pay all lawful claims for labor and material furnished * * *. It was made the duty of the contractor to supply the labor and material for such improvements * * *. He could provide such labor and material himself, or he could delegate or sublet this duty to another, but, by such subletting, the general contractor could not relieve the funds due him under such contract from the danger of being impounded for the payment of the obligations that he had assumed. *If the general contractor desired to protect himself against bills incurred by the subcontractor, he should have demanded a bond from the subcontractor."*

The Supreme Court granted a writ of error in this case, and in Smith v. Texas Co., Tex.Com.App., 53 S.W.2d 774, 777, (while modifying the case otherwise) affirmed the foregoing holdings, and then makes this statement:

"We think it fairly appears from a consideration of the general scheme of legislation upon this subject that it was the intention of the Legislature to enable those furnishing labor, material and equipment to a subcontractor for any public improvement *to receive payment therefor to the extent of any unpaid balance due said subcontractor at the time notice required by statute is given.*"

The Austin Court of Civil Appeals, in Thurber Construction Co. v. Kemplin, 81 S.W.2d 103, 109 (Er.Dis.), in discussing this point quotes the Commission of Appeals, supra, and then says:

*"The creditors of a subcontractor can have no greater claim against the funds due the general contractor than the subcontractor himself would have, had he paid for all his labor and material and presented his claim therefor to the general contractor * * *"*

It is on the statement quoted from the Commission of Appeals' opinion in Smith v. Texas Co., supra, and the statement in the Thurber case, supra, that defendants Buckner & Sons predicate their contention that the Trial Court erred in sustaining plaintiff's exception to its pleading that it was not indebted to Moser on the date plaintiff filed its claim, and that plaintiff's right of recovery against Buckner & Sons is dependent upon whether Buckner was indebted to Moser.

This point has been before our courts on other occasions. In Powell v. Republic Portland Cement Co., 91 S.W.2d 467, 468 (Er.Dis.), the San Antonio Court of Civil Appeals, in discussing this identical point, without citing or discussing any of the foregoing cases, said:

"We overrule these contentions and hold that appellee's petition and proof was sufficient [the contention being that appellee's petition was subject to general demurrer because it failed to allege that any amount was due the subcontractor by the general contractor]. In the first place, appellants executed a bond in which they obligated themselves to pay to appellee the sum of $1237.23, or so much thereof as may be proved to be liens under the terms of articles 5472a and 5472b, Vernon's Ann.Civ.St. Appellee was named as the only obligee in this bond.

*"Under such circumstances, all that the statute requires of appellee is that it allege and prove the amount of its debt, that the material was actually*

*used in the work, and the fixing of its lien."*

In Huggins Lbr. Co. v. Goose Creek Ind. School District, Tex.Civ.App., 133 S.W.2d 207, 208, (no writ history) this identical point was before the Galveston Court. In that case Justice Graves quotes the cited statement of the Commission of Appeals in Smith v. Texas Co., supra, and says of the quoted statement:

"* * * it seems plainly to have been mere dictum not consistent with the authoritative declarations in the opinion otherwise, and not relating to a point at issue on the facts in that cause * * *.

"Furthermore, not only did the Commission's authoritative holdings otherwise in that cause import a contrary conclusion, but the very able opinion of the Waco Court of Civil Appeals in that same cause [Texas Co. v. Schriewer, 38 S.W.2d 141], which the Commission of Appeals in all material features approved, expressly holds the other way, in this declaration: * * *

"'Articles 5472a and 5472b (Vernon's Ann.Civ.St.) were passed by the Legislature for the purpose of providing a more expedient and efficient method to those furnishing material * * * to any contractors for any public improvements in this state for the collection of their claims therefor. * * * So long as there yet remains in the hands of the state or municipality a payment that has not been made to the contractor, the same may be impounded and subjected to the claim of the laborer or materialman by the giving of the notice to the proper authority. Huddleston & Work v. Kennedy [Tex.Civ.App., 57 S.W.2d 255]."

Our Commission of Appeals, in the case of Macatee & Sons v. House, Tex.Civ. App., 131 S.W.2d 785, 787, in considering a similar situation to the case at bar, says:

The right of the materialman cannot be made to depend on the state of accounts between the contractor and subcontractor, at the date of service of written notice on the owner.

■ We have studied the question before us very carefully, and while aware that some authority supports the position of defendants Buckner & Sons, we feel that the weight of the authority and the better view, and the view giving effect to the true intention of the Legislature in the passage of Articles 5472a, 5472b and 5472c, is as expressed by Justice Graves in the Huggins case, supra, and those cases in accord therewith. Defendants Buckner & Sons' contention No. 3 is therefore overruled; and we answer the second major question raised in this appeal to the effect that plaintiff's right of recovery in this case is in nowise dependent upon the status of accounts between the general contractor and the subcontractor.

■ Reverting to defendant Moser's contentions and defendants Buckner & Sons' 4th contention. The Trial Court overruled defendant Moser's plea of privilege on 27 May 1955. Defendant Moser did not perfect his appeal under Rule 385, T.R.C.P. Trial of the cause on its merits and appeal from the judgment rendered thereon was held some year later and at a different and subsequent term of court from the term at which the plea of privilege was overruled. This court is without jurisdiction to pass on the plea of privilege. Barron v. James, 145 Tex. 283, 198 S.W.2d 256; Reynolds v. Groce-Wearden Co., Tex.Civ.App., 250 S.W.2d 749; Farmer v. Cassity, Tex.Civ.App., 252 S.W.2d 788.

Both defendants contend that plaintiff was not entitled to judgment absent proof that it had a permit to do business in Texas. Plaintiff alleged that it was a foreign corporation with a permit to do business in Texas. No proof of the permit to do

business in Texas was tendered. Assuming (without deciding) that Rule 434, T.R. C.P. (which provides that no case will be reversed on an error of law unless such error amounted to such a denial of rights as was reasonably calculated to cause and probably did cause an improper judgment in the case), is here applicable, in view of the disposition being made in the case and since such complained of error will probably not arise on another trial, we make no specific holding on this point.

It follows that this cause is reversed as to plaintiff's judgment against defendants Buckner & Sons, and inasmuch as the case has to be remanded, and all parties have been authorized to amend their pleadings and defendants authorized to refile their cross actions if they so desire, we think the interest of justice requires that the cause be Reversed and Remanded as to all parties.

Reversed and remanded.