**JOHN F. BUCKNER & SONS et al.,**
Appellants,

v.

**ARKANSAS FUEL OIL CORPORATION,**
Appellee.

No. 3583.

Court of Civil Appeals of Texas.

Waco.

Nov. 26, 1958.

Rehearing Denied Dec. 31, 1958.

Anderson & Anderson, Cleburne, for appellants.

R. A. Kilpatrick, Jack C. Altaras, Cleburne, B. Ray Smith, Paris, for appellee.

McDONALD, Chief Justice.

This is a suit by a materialman to establish a lien on moneys due or to become due to a public contractor under Articles 5472a, 5472b and 5472b–1, R.C.S., Vernon's Ann. Civ.St. arts. 5472a, 5472b, 5472b–1. This is the second appeal of the instant cause. See John F. Buckner & Sons v. Arkansas Fuel Oil Corp., Tex.Civ.App., 301 S.W.2d 325. Plaintiff Arkansas Fuel Oil Corporation brought this suit against John F. Buckner & Sons, W. H. Moser, and the American Bonding Company. Plaintiff alleged that Buckner & Sons were general contractors with the State Highway Department for the construction of Farm to Market Road S–722(1) and S–722(2) in Red River County; that the Buckners subcontracted a portion of said construction to the defendant Moser; that plaintiff sold and delivered to Moser $2,207.03 worth of fuel, oil, and grease for use on such projects, and such was used on such projects; that Moser defaulted in payment for same, whereupon plaintiff did everything necessary to fix a lien on moneys due the Buckners from the State Highway Department. The Buckners filed a release bond with defendant American Bonding Company as its surety and the Highway Department paid to the Buckners the amount due them as general contractors. Defendants Buckner & Sons plead a cross action against defendant Moser for the amount of any judgment which plaintiff might recover against defendants Buckner & Sons, and defendant Moser plead a cross action against defendants Buckner & Sons for any recovery granted plaintiff against defendant Moser.

Trial was to a jury, which in answer to Special Issues, found that $2,207.03 worth of oil and fuel sold by plaintiff to Moser had been used in the construction of Farm to Market project S–772(1); and that defendants Buckner & Sons are indebted to defendant Moser for the work Moser did on the construction of the road involved in an amount equal to or in excess of $2,207.-03. The parties stipulated that $400 was a reasonable attorney's fee for plaintiff's attorney.

Based on the verdict, the Trial Court rendered judgment on 5 February 1958 in favor of plaintiff against Moser, the Buckners and the Bonding Company for $2,207.-03, and provided that interest should run at the rate of 6% from 1 January 1954. Judgment was further rendered for plaintiff against defendant Moser for $400 attorney's fees, with interest thereon from 1 January 1954; and further provides that defendant Moser recover from defendants Buckner & Sons any amount paid by him to plaintiff, including the $400 for attorney's fees. The judgment further provides that it is without prejudice to all rights between defendants Moser and the Buckners presently existing or which may hereafter exist both as to the subject matter of this litigation and all other suits now pending or which may hereafter be brought by either of them.

Defendant Moser did not appeal.

Defendants Buckner & Sons appeal on 40 points, but which present 6 basic contentions: 1) That the Trial Court erred in overruling defendants Buckner & Sons' Exception 1, and in sustaining plaintiff's Exception 1, which related to the overall status of accounts between Moser and the Buckners. 2) That there is no evidence or insufficient evidence to support the jury's answer to the issues submitted. 3) That the Trial Court erred in refusing to submit certain issues to the jury inquiring whether

defendant Moser agreed he would pay for the fuel used by him, and whether he is indebted to Buckner & Sons in any amount. 4) The Trial Court erred in rendering judgment for defendant Moser against defendants Buckner & Sons. 5) The Trial Court erred in decreeing that interest runs on the $2,207.03 from 1 January 1954 instead of from the date of judgment. 6) The judgment is not a final judgment.

■ Contentions 1 and 3 relate to the general status of accounts between Moser and the Buckners. Plaintiff sued for materials sold to the subcontractor for use upon a project which was contracted to the Buckners as prime contractor. Moser has not paid plaintiff and plaintiff did that which was necessary to fix a lien on moneys due to the Buckners from the State by reason of this particular job. The Buckners posted bond and withdrew the moneys due them on the job. The Buckners now contend that they owed no money to Moser by reason of the overall status of accounts between the two, and for which reason plaintiff's cause of action does not lie. Our opinion in the first appeal of this case answers these two contentions contrary to the contentions of defendants Buckner & Sons, and is that plaintiff's materialman's right of recovery in this case is in nowise dependent upon the status of accounts between the general contractor and the subcontractor. The matter is there discussed in detail. See John F. Buckner & Sons v. Arkansas Fuel Oil Corp., Tex.Civ.App. 301 S.W.2d 325 (no writ history), and cases there collated. The issues requested by defendants Buckner & Sons likewise have no bearing on the case and were properly refused by the Trial Court.

■ Contention 2 is levelled at the sufficiency of the evidence to sustain the jury's verdict and Trial Court's judgment. This cause was reversed and remanded on its prior appeal because the evidence tendered was, in our view, insufficient to sustain the finding that the $2,207.03 worth of material furnished by plaintiff to defendant Moser

was actually used in the construction of project S–722(1). The cause has been retried. We have carefully reviewed the record before us in this cause and conclude that the evidence tendered is sufficient to support the findings made. See In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

■ The 4th contention made on this appeal is that the Trial Court erred in rendering judgment for defendant Moser over against defendants Buckner & Sons for any moneys they might pay plaintiff by virtue of its judgment against them. The jury found that the Buckners were indebted to Moser on this particular job for an amount in excess of the $2,207.03 owed by Moser to plaintiff. Defendants Buckner & Sons contend that defendant Moser had no cross action against them. Moser had a cross action in the original trial of this cause. Such cross action was severed by the Trial Court. This court reversed the Trial Court's action in severing the cross actions of the parties. When this court reversed the Trial Court's action such cross action was restored to the cause on retrial. The fact that defendant Moser did not see fit to amend or replead his cross action does not take away from him his cross action heretofore filed. The Trial Court severed same; this court, in reversing the Trial Court, reinstated the cross action previously filed.

The 5th contention raised is that the Trial Court erred in decreeing that interest on the $2,207.03 should run from 1 January 1954 instead of from the date of judgment. It appears from the record before us that plaintiff sold the fuel and grease to defendant Moser during the year 1953 and that all of such items were delivered on invoices which contained the notation: "Terms; Charge". Such constitutes the transaction one of open account. Article 5070, R.C.S., provides: " * * * interest at the rate of six per cent per annum shall be allowed * * * on all open accounts from the first day of January after the same are made."

Plaintiff plead that the *"materials therein set out (Exhibit A) were furnished Moser in 1953 and at the various prices therein charged."* Plaintiff in its prayer prayed for judgment for the sum of $2,207.03, and $400 attorney's fees, *"and plaintiff prays for such other and further and general relief to which plaintiff may be entitled."*

Defendants Buckner & Sons filed no special exception to plaintiff's pleading levelled at or raising the matter now complained of.

Our Supreme Court, in Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 515, 141 A.L.R. 50, specifically held:

> "In the absence of special exception the petition will be liberally construed in the pleader's favor and to support the judgment." Pts. 1 and 2, 156 S.W. 2d at page 515.

Rule 90, Texas Rules of Civil Procedure, provides that every defect, omission, or fault in a pleading which is not specifically pointed out by motion or exception in writing and brought to the attention of the Trial Court before the instruction or charge to the jury, shall be deemed to have been waived by the party seeking a reversal on such account. Rule 91 provides that a special exception shall point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency of the allegations in the pleadings. Such deficiency may not be raised for the first time on appeal. Texas Osage Co-op. Royalty Pool v. Kemper, Tex. Civ.App., 170 S.W.2d 849, W/E Refused; Tolson v. Carroll, Tex.Civ.App., 313 S.W. 2d 131 (no writ history).

From the foregoing we conclude that plaintiff's pleadings, and prayer for general relief in the absence of special exceptions, are sufficient to support the Trial Court's determination of the matter.

The 6th and last contention herein made is that the judgment rendered is not a final judgment. This contention is predicated on the judgment's recitation that it is without prejudice to all rights between the Buckners and Moser presently existing in all other suits now pending or which may hereafter be brought by either of them. The foregoing does not render the judgment other than a final judgment in this cause. It merely recites that which is a fact, to-wit, that this judgment does not dispose of or prejudice other disagreements pending or which may hereafter be brought between the Buckners and Moser. Such statement in no way causes the judgment in this case to be other than final.

All of defendant Buckner & Sons' points and contentions are overruled and the judgment of the Trial Court is affirmed.