CAMPBELL BROTHERS, INC., Appellant,

v.

GENERAL ELECTRIC SUPPLY COMPANY,
Appellee.

No. 16410.

Court of Civil Appeals of Texas.

Dallas.

Sept. 25, 1964.

Rehearing Denied Oct. 16, 1964.

Henry Stollenwerck, Dallas, for appellant.

Tom D. Matthews, Matthews, Matthews & Allen and John D. Gilliland, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

General Electric Supply Company (a Division of General Electric Company), en-

gaged in the business of furnishing electrical supplies and equipment, hereinafter called materialman, brought this action against Campbell Brothers, Inc., hereinafter called general contractor, National Surety Corporation, hereinafter called Surety, Y–B Electric Company, Inc., hereinafter called subcontractor, and Herbert E. Youngkin, d/b/a Y–B Electric Company, seeking to recover the reasonable price of materials and supplies furnished by materialman to subcontractor and used in the construction of a building in Dallas County. Plaintiff also sought judgment against the surety company on a statutory payment bond executed in accordance with the terms of Art. 5472d, Vernon's Ann.Civ.St.

Y–B Electric Company, Inc. failed to answer and default judgment was rendered against such defendant. Following a non-jury trial the court rendered judgment for $7,103.22, together with the interest and attorneys fees, in favor of the materialman and against the general contractor and the surety. The court denied any recovery against Youngkin, individually, d/b/a Y–B Electric Company. From this judgment only the general contractor and Surety have perfected an appeal.

The trial court found as a fact that Campbell Brothers, Inc., as general contractor, entered into a contract with St. Joe Container Company to build a building in Dallas County; that in compliance with Art. 5472d, V.A.C.S., the general contractor supplied a payment bond executed by National Surety Corporation, as surety, in the amount of $269,237.00, such bond providing, among other things, that the principal "shall promptly pay claimants for all labor, subcontracts, materials and specially fabricated materials performed or furnished under or by virtue of said contract and duly authorized normal and usual extras thereto (not to exceed 15% of said contract price), * * * labor, subcontracts, materials and specially fabricated materials shall be construed in accordance with Article 5452, Vernon's Revised Civil Statutes of Texas, 1925, as amended by the acts of the regular session of the 57th Legislature, 1961"; that the general contractor entered into a subcontract for the electrical work with Y–B Electric Company, Inc.; that Mr. Youngkin (of Y–B Electric Company), actually put in the electrical installations through company employees and was familiar with the material needed according to the specifications applicable to the job; that Mr. Youngkin gave the orders to General Electric Supply Company for all of the materials and supplies needed on the job; that General Electric Supply Company furnished all of the materials required for the electrical work on the job to Y–B Electric Company and that such job could not have been completed without such materials and supplies. The court found that all of the materials and supplies were received on the job in question and incorporated in the job; that the prices charged for such material were reasonable and that the amount owed the materialman was $7,103.22. The court further found that materialman gave the surety company and general contractor notice of the materials and supplies which had been delivered for the job between August 20, 1962 and November 9, 1962 in the amount of $7,069.36. The court found that during the latter part of November 1962, (after all of the materials and supplies had been delivered to and received on the job) general contractor, through an agent, advised materialman that all monies owing subcontractor under the contract had been expended or paid out.

The court, in its conclusions of law, found that since materialman had supplied the labor and material to the job and that same had been incorporated in the project, that materialman was therefore entitled to recover under the provisions of Art. 5452, V.A.C.S.; that materialman is protected in its unpaid claim for $7,103.22, with interest, by virtue of the payment bond executed by general contractor, pursuant to Art. 5472d V.A.C.S.; that materialman had given the proper notices as provided by Art. 5472d(4)(a) V.A.C.S., and is further entitled to re-

cover attorneys' fees as provided by Art. 5472d, Sec. 6, V.A.C.S.

Appellants have brought forward four general and vague points of error and with some difficulty we have concluded, from a review of appellants' "discussion" contained under these four points, grouped together, that they contend that the court erred (1) in holding that appellee was protected in its claim under the provisions of Art. 5472d, V.A.C.S. and (2) that there is "No evidence" to sustain the judgment against appellants. We find no merit to either of these contentions and affirm the judgment of the trial court.

Art. 5472d, V.A.C.S., entitled "Bond to pay liens or claims" was enacted by Acts 1961, 57th Legislature, Page 863, Chapter 382, Sec. 10. Its purpose, as evidenced by the plain language of the enacting clause, and the clear wording of the various provisions of the act itself is quite evident. It provides for security in the form of a surety bond, as distinguished from the lien security as provided in Art. 5452, V.A.C.S. to pay for materials, labor, subcontracts and fabricated materials supplied by materialman and laborers to general contractors and subcontractors.

Section 4 of Article 5472d, provides that a claim under the bond provision may be perfected either in the manner prescribed for fixing and securing a lien by Article 5453, V.A.C.S. or by the specific terms of Subdivision (a) (1) (2), having reference to notice to the general contractor or notice to the surety. Section 7 of the Act provides that the remedy is by action on the bond and that the owner will be immune from lawsuits and relieved of obligations under other lien statutes where the bond has been filed in accordance with this article.

Thus the law is abundantly clear that to recover under the provisions of this law one is required to show that he is a claimant who has furnished labor or material for the construction of a building or improvement within this state, under or by

virtue of a contract with the owner, contractor, or with any subcontractor, and that requisite notice of the furnishing of such material must have been made to the surety, or to the contractor, as provided by the existing statutes. We have carefully examined the entire record, and have concluded that appellee complied with each and every requirement of the Act in order to justify recovery against the payment bond. Materialman was a "claimant" having supplied materials to a subcontractor which were admittedly incorporated in the work in question pursuant to the contract by the general contractor and the owner of the premises. There is no question but that notice was given not only to the general contractor but to the surety, all in compliance with the express provisions of the statute. We hold, accordingly, that appellee has complied with all prerequisites to bring itself within the terms and provisions of the statute in question.

Appellants raise some question concerning the misnomer of Y–B Electric Company, Inc. as "Y–B Electric Company". It is true that certain invoices covering the materials furnished were directed to "Y–B Electric Company" but it is also true that all of the materials in question were incorporated into the very job covered by the general contract. Appellants' attorney admitted in the trial court that all of the materials were delivered to and incorporated in the work in question. There is no evidence in this record that the surety company or the contractor were misled in any manner by the omission of the abbreviation "Inc." following the name of Y–B Electric Company in the various invoices. The identical question was raised and rejected in Houston Fire & Casualty Co. v. Col-Tex Refining Company, Civ.App., 231 S.W.2d 468.

Nor do we find any merit in appellants' contention that during the latter part of November an agent for the general contractor called the General Electric Supply Company and advised them that all monies

owing Y–B Electric Company, Inc. under its subcontract had been expended or paid out, and therefore no liability exists. This contention must be overruled for two reasons: (1) the so-called notice was made after all of the materials and supplies had been delivered to the job by the materialman, and (2) materialman's right to recover is not dependent upon the status of the accounts between the general contractor and the subcontractor. John F. Buckner & Sons, et al. v. Arkansas Fuel Oil Corporation, Civ.App., 301 S.W.2d 325; and 319 S.W.2d 204.

As relates to appellants' "no evidence" point of error, we have carefully reviewed the entire record and not only find some evidence but abundant evidence to support the findings of fact and judgment of the trial court.

The judgment of the trial court is Affirmed.