**EMPLOYERS MUTUAL CASUALTY COMPANY, Appellant,**

v.

**Bruce WALKER, Appellee.**

**No. A14–90–00667–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 13, 1991.

Rehearing Overruled July 11, 1991.

Michael Duray, Dallas, for appellant.

Susan Henricks, Austin, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

**J. CURTISS BROWN, Chief Justice.**

Appellee sued his employer's payment bond surety, Employers Mutual Casualty Company [Employers], for commissions owed to him for work on a construction project. The trial court awarded appellee $8,474 for the commissions owed under his contract, plus interest and attorney's fees. In three points of error, Employers challenges the timeliness of appellee's notice, his status as a claimant against the payment bond, and the admission of certain exhibits. We affirm the judgment.

Appellee worked for Austin Restaurant Supply [Austin]. Austin agreed to supply commercial kitchen equipment for installation in the West Oaks Hospital construction project. Employers issued a payment bond on behalf of Austin in accordance with Tex.Prop.Code Ann. § 53.201 (Vernon 1984). Appellee bid the job for Austin, did the construction drawings, ordered the equipment, and supervised delivery and installation of the equipment.

After the equipment was delivered and installed in December of 1987 and payment received by Austin in January of 1988, appellee requested payment from Austin. Following repeated fruitless requests for payment, appellee followed Tex.Prop.Code Ann. § 53.056 (Vernon 1984 & Supp.1991) and notified Employers on March 9, 1988 that he was entitled to payment under its bond. Still receiving no payment, Appellee filed suit against Austin and Employers. An interlocutory default judgment was entered against Austin, which was made final in the judgment against Employers.

In its first point of error, Employers complains of the trial court's failure to make its requested findings of fact and conclusions of law concerning appellee's notice. The transcript contains proposed findings of fact and conclusions of law filed by each party; however, no findings or conclusions were made by the trial court. To complain of the trial court's failure to make findings of fact and conclusions of law, Employers was required to file a notice reminding the trial court that the findings and conclusions were past due. Tex. R.Civ.P. 297. Having failed to file any notice or reminder, Employers has waived this complaint. *Averyt v. Grande, Inc.* 717 S.W.2d 891, 895 (Tex.1986).

We note that appellee testified, and his contract provided, that he was not entitled to his commission until the customer had paid Austin in full. Employers' inaccurately characterizes appellee's contract as a retainage contract such as those covered by Tex.Prop.Code Ann. § 53.101 –105 (Vernon 1984 & Supp.1991). Nothing in the record even suggests that the contract between appellee and Austin contained any provision for retainage. Appellee testified that his contract with Austin was not a retainage contract such as is common in the construction industry. Employers offered no evidence to the contrary.

Employers asserts that to collect on the bond appellee should have given the statutorily required notice each month from April of 1987, when Austin bid on the project, through December of 1987 when the contract was completed. No equipment was delivered until December of 1987, and Austin was not entitled to payment on the project until that time. It would be a strained interpretation of the statutes to require appellee to have given notice on the payment bond even before any equipment was delivered and his employer had a right to payment under the equipment supply contract. Employers' first point of error is overruled.

Employers next alleges the trial court erred in entering a judgment for appellee because he is not a claimant as defined by the property code. Tex.Prop.Code Ann. § 53.021 (Vernon 1984). Employers never challenged appellee's claimant status below, not in pleadings, not during questioning, not during closing argument, not even in its requested findings of fact and conclusions of law. In order to preserve a complaint for appellate review, a party must have presented the issue to the trial court. Tex.R.App.P. 52. "A party should not be permitted to waive, consent to, or neglect to complain about an error at trial and then surprise his opponent on appeal by stating his complaint for the first time." *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex.1982).

Additionally, appellee pleaded and the record establishes that appellee performed work essential to performance of the contract for which Employers issued the payment bond. The record contains sufficient evidence to establish that appellee is a proper claimant against the payment bond. *See Campbell Brother, Inc. v. General Electric Supply,* 383 S.W.2d 61, 63 (Tex.Civ.App.—Dallas 1964, writ ref'd n.r.e.). Contrary to Employers' contention, appellee is not inconsistent by asserting

that he is claimant against the bond because he provided labor, and also arguing that he was not required to give statutory notice each month. Appellee has never contended that monthly notice was not required because his labor had no value, as Employers contends. What he quite accurately states is that his labor had no *monetary* value until the equipment was delivered and Austin's contract thus completed. *Point of error two is overruled.*

■ In its final point of error, Employers complains of the admission into evidence of the memorandum reflecting the terms of appellee's employment with Austin, and the letter to appellee from Austin's bookkeeper showing the amount of commissions owed to appellee on the West Oaks Hospital project. Both documents represent operative facts and were properly admitted by the trial court. *Sanders v. Worthington,* 382 S.W.2d 910, 916 (Tex. 1964); *Irving Lumber v. All–Tex Mortgage,* 446 S.W.2d 64, 71 (Tex.Civ.App.—Dallas 1969), *aff'd* 468 S.W.2d 341 (Tex. 1970). Appellee testified to the same information from personal knowledge. The trial court did not abuse its discretion by admitting the documents. Point of error three is overruled.

The judgment of the trial court is affirmed.